SYLVESTER KIPP and another *vs.* JAMES COLLINS.

May 25, 1885.

**Tax Judgment by Default—Recitals not Jurisdictional.**—The omission from a tax judgment, entered on default, of the recitals that no answer has been filed, and that more than 20 days have elapsed since the last publication of the list and notice, though those recitals are in the form given by the statute, does not affect its validity.

**Same—Presumption of Jurisdiction.**—The judgment raises a presumption of jurisdiction in the court, which can be overcome only by proof that it had not jurisdiction.

**Tax Sale—Failure to deliver Copy of Judgment to Auditor.**—The delivery by the clerk to the county auditor of a certified copy of the tax judgment, as provided in Laws 1874, c. 1, § 121, was not essential to the auditor's authority to sell.

**Same—Non-Payment of Judgment.**—To sustain a sale under a tax judgment, it is not necessary to show that the judgment had not been paid.

**Same—Notice—Sufficient Publication.**—A notice of sale under a judgment published on the second and ninth of the month, for a sale on the 26th, was, under Laws 1874, c. 1, § 122, sufficient notice.

**Same—Publication of Notice—Newspaper.**—Where publication of the notice is proved, it is presumed that the newspaper was one of general circulation.

**Same—Form of Certificate.**—Under Laws 1874, c. 1, §§ 123, 124, as amended by Laws 1875, c. 5, §§ 28, 29, a certificate in the form prescribed by section 124, before the amendment, for a case where the fee was sold to the highest bidder, was good.

Ejectment. Appeal by plaintiffs from a judgment of the district court for Anoka county, where the action was tried by *Koon*, J., without a jury.

Defendant's title was under a judgment and sale, in 1875, for taxes for the year 1874. The tax judgment was in the form prescribed by Laws 1874, c. 1, § 116, excepting that the following words, found in that form after the words "and no answer having been filed," were omitted therefrom, viz., "by any person, company or corporation, to

the taxes upon any of the pieces or parcels of land hereinafter described, and more than twenty days having elapsed since the last publication of said notice and list."

The tax certificate was duly acknowledged, and was in the following form, viz.:

"I, O. L. Cutter, the auditor of the county of Anoka, state of Minnesota, do hereby certify that at the sale of lands pursuant to the real estate tax judgment entered in the district court in the county of Anoka, on the 3d day of September, A. D. 1875, in proceedings to enforce the payment of taxes delinquent upon real estate for the county of Anoka, which sale was held at Anoka, in said county of Anoka, on the 28th day of October, 1875, the following described piece or parcel of land situate in said county of Anoka, state of Minnesota, to wit:

"The west half of the north-west quarter and the north-west quarter of the south-west quarter, in section seventeen, (17,) township thirty-two, (32,) range twenty-five, (25,) was first offered to the bidder who would pay the amount for which the same was subject to be sold for the shortest term of years in said piece or parcel, and, no person having offered to pay such amount for a term of years, I did sell the fee of said piece or parcel of land to James Collins for the sum of three and 53-100 dollars, that being the highest sum bid therefor; and he having paid said sum, I do therefore, in consideration thereof, and pursuant to the statute in such case made and provided, convey the piece or parcel of land in fee-simple to the said James Collins, his heirs and assigns forever, subject to redemption as provided by law.

"Witness my hand and official seal this 28th day of October, 1875.

"O. L. CUTTER,

[Seal.] "County Auditor."

*S. & O. Kipp,* for appellants.

The certificate of sale is fatally defective, because it fails to substantially comply with the statutory form and does not show a sale made in conformity with the statute. Blackwell on Tax Titles, 210, 368; *Davison* v. *Gill,* 1 East, 64; *Grim* v. *O'Connell,* 54 Cal. 522; *Hubbell* v. *Campbell,* 56 Cal. 527; *Smith* v. *Hileman,* 1 Scam. 323;

*Long* v. *Burnett*, 13 Iowa, 28; *Boardman* v. *Bourne*, 20 Iowa, 134; *Sutton* v. *Stone*, 4 Neb. 319; *Williams* v. *McLanahan*, 67 Mo. 499; *Atkins* v. *Kinnan*, 20 Wend. 241; *Condit* v. *Blackwell*, 22 N. J. Eq. 481; *Chandler* v. *Spear*, 22 Vt. 388; *Lain* v. *Shepardson* 18 Wis. 59; *Wakeley* v. *Mohr*, 18 Wis. 321; *Kreuger* v. *Knab*, 22 Wis. 429; *North* v. *Wendell*, 22 Wis. 431.

The failure to deliver a certified copy of the judgment is fatal. A valid precept in the hands of the officer is as necessary as the judgment itself, and must be established by the evidence to make the tax deed valid. Hilliard on Taxation, 500, 506; *Hinman* v. *Pope*, 1 Gilman, 131; *Atkins* v. *Hinman*, 2 Gilman, 437; *Job* v. *Tebbetts*, 5 Gilman, 376; *Spellman* v. *Curtenius*, 12 Ill. 409; *Pitkin* v. *Yaw*, 13 Ill. 251; *Manly* v. *Gibson*, 14 Ill. 136; *Elston* v. *Kennicott*, 46 Ill. 187; *Holbrook* v. *Dickinson*, 46 Ill. 285; *Cottingham* v. *Springer*, 88 Ill. 90; *Doughty* v. *Hope*, 3 Denio, 594; *Sanborn* v. *Cooper*, 31 Minn. 307.

The publication of the notice of sale on October 2d and 9th, for a sale on October 26th, was insufficient. Cooley on Taxation, 335; *State* v. *Brown*, 22 Minn. 482; *Greve* v. *St. P., etc., R. Co.*, 25 Minn. 327; *Wilson* v. *Thompson*, 26 Minn. 299.

*Hammons & Hammons*, for respondent.

GILFILLAN, C. J. The statute under which this tax sale was had prescribes (Laws 1874, c. 1, § 116,) that the judgment "shall be substantially in the following form." Then follows the form. The judgment need not follow the form literally. If it contain the substance, it is enough. It is not every recital in the form that is of substance to the judgment—that is, essential to its validity. There are certain recitals of fact in the form, the falseness of which, inserted in the judgment, will not affect its validity. The form given commences with the title of the proceeding; then follows a recital of jurisdictional facts,—*i. e.*, of the filing of the list, and the publication of the list and notice; after which follow the recital of matters only of procedure after jurisdiction acquired,—*i. e.*, of no answer having been filed, and of more than 20 days having elapsed since the last publication of the list and notice,—and then follows the determination or judgment. This last, though it need not be expressed in the judgment in the precise words of the form, should contain every element of it, otherwise

there would be a judgment such as the statute does not authorize. The recital that no answer has been filed, and that more than 20 days since the last publication of the list and notice have elapsed, may be false; there may have been answers filed, and the 20 days may not have elapsed at the time of entering the judgment; but that would not affect its validity as a judgment. It would be only a case of irregularity, which would make the judgment liable to be set aside, but would not make it void. Recitals on the truth or falsity of which the judgment does not depend for its validity, can hardly be deemed matters of substance in determining its validity. We conclude, therefore, that the omission of the recitals of no answer having been filed, and of more than 20 days having elapsed, does not impair the judgment. That being valid on its face, it raises the presumption of jurisdiction in the court to render it,—a presumption that can be removed, if at all, only by proof that it had not jurisdiction. That the defendant undertook to establish the jurisdictional facts by other proofs, and that such other proofs fell short, did not lessen the force of the presumption.

The judgment, after determining the amount for which each parcel of land is liable, adjudges that unless that amount be ·paid such parcel be sold as provided by law to satisfy such amount. The statute (Laws 1874, *c.* 1, § 122,) provided that, "after twenty days from the date of any tax judgment, if the amount therein charged shall not have been paid, the county auditor shall sell the pieces or parcels of land upon which taxes stand charged in said judgment." The duty and authority of the auditor to sell were not made to depend on anything else, such as the delivery to him of a certified copy of the judgment. Both depended on the statute and judgment only, and attached at once after a lapse of 20 days from the date of the judgment. The certified copy of the judgment which section 121 provided the clerk was to enter in a book and deliver to the auditor, was obviously intended merely for the convenience of the auditor in making any certificates that it might be his duty to make, and also that there might be kept in his office a record of sales and subsequent acts affecting the same.

To sustain a sale under a tax judgment it is not necessary to show

that the judgment had not been paid, any more than to sustain a sale under any other judgment.

The statute (section 122) required the notice of sale to be published "once in each of two successive weeks, the last publication to be not less than ten days before the day of sale." The notice in this case was published once in each of two successive weeks, to wit, on the second and on the ninth of October. The publication was complete when it was made on the 9th. There is sometimes a distinction between the publication of notice and the *legal notice* to be effected by such publication: each publication is complete when the newspaper is issued and distributed, but the legal notice may not be effected till a certain number of publications have been made, and sometimes, as under this statute, until the lapse of a specified time after the publication. Here the last publication was made on the 9th, and the notice was complete 10 days after that date. As the sale was appointed for October 26th, the notice was sufficient.

The officers are to be presumed to have done their duty. As it was the auditor's duty to publish the notice in a newspaper of general circulation, it is presumed, until the contrary is shown, that the newspaper selected by him was of general circulation.

The statute (section 123, as amended by Laws 1875 c. 5, § 28,) provided that, in offering the land for sale, the auditor "shall state the amount for which each piece or parcel is to be sold, and shall then offer the same in fee to the highest bidder who shall bid not less than the amount for which the same is to be sold;" and if that amount should not be bid, then the auditor should bid in the land for the state. Section 124, as amended in 1875, (Laws 1875, c. 5, § 29,) provided that the auditor should execute to the purchaser a certificate, "which may be substantially in the following form." Then follows the form, which, after various recitals and the description of the land, proceeds, "was offered to the bidder who would pay the amount for which the same was subject to be sold, and that at said sale I did sell the fee of said piece or parcel of land to ———, for the sum of ———, that being the highest sum bid therefor," etc. The form given does not follow the requirements of section 123, as amended; for, by section 123, the auditor was to offer the land "to

the highest bidder who shall bid not less than the amount for which the same is to be sold." And, by the form, he was to certify that the land "was offered to the bidder who would pay" that "amount." In this case the auditor evidently used a form of certificate prepared under the original law, (of 1874,) and after the description of the land it proceeds, "was first offered to the bidder who would pay the amount for which the same was subject to be sold for the shortest term of years in said piece or parcel, and, no person having offered to pay such amount for a term of years, I did sell the fee of said piece or parcel of land to James Collins, for the sum of three and 53-100 dollars, that being the highest sum bid therefor." The statement that the auditor did what he had no authority to do, to wit, offer the land for a term of years, and that nothing came of the offer, is mere surplusage, and cannot vitiate the certificate. Strike that out, and it is apparent that the auditor did what section 123, as amended, authorized him to do, to wit, offered to sell, and did sell, the fee to the highest bidder bidding not less than the amount for which the land was to be sold. There is no substantial defect in the certificate.

Judgment affirmed