ELIAS DILLON and others *vs.* CHARLES PORTER and others.

January 15, 1887.

| 36 | 341 |
|----|-----|
| 43 | 142 |

| 36 | 341 |
|----|-----|
| 81 | 231 |

**Judgment by Default against Joint Defendants where Some are not Served.**—In an action against four defendants jointly indebted upon a contract, a judgment upon default, entered by the clerk of the district court against the three only of them who alone were served with summons, is not *void*, but only irregular or erroneous.

**Same—Entry by Clerk.**—The action of the clerk, in such case, is the action of the court. *Kipp* v. *Fullerton*, 4 Minn. 366, (473;) *Reynolds* v. *La Crosse, etc., Co.*, 10 Minn. 144, (178;) *Skillman* v. *Greenwood*, 15 Minn. 77, (102.)

**Same—Notice—Reference in Mortgage.**—Express reference to the judgment in a chattel mortgage executed by the judgment debtors to secure the same, proves notice of the judgment.

Plaintiffs brought this action in the district court for Redwood county, against four defendants, on their joint promissory notes. Three only of the defendants were served, and no one of the four answered or appeared. After expiration of the time for answering, the plaintiffs, on June 23, 1882, caused judgment to be entered against the three defendants served. On January 6, 1883, these defendants joined in a chattel mortgage to the plaintiffs, with condition for the payment to defendants of $1,315.40, "according to the condition of one certain judgment, dated June 23, 1882," etc., being the same judgment before mentioned. On June 10, 1886, the same three defendants moved, upon the judgment-roll and upon affidavits, that the judgment be declared void and vacated. The motion was granted by *Webber*, J., and the plaintiffs appealed.

*Chas. C. Willson* and *Geo. W. Somerville*, for appellants.

*M. M. Madigan* and *J. M. Thompson*, for respondents.

BERRY, J. This action was brought against four defendants upon their joint promissory notes. Service was made upon three only, and, they having defaulted, judgment was entered against them alone by the clerk. Gen. St. 1878, *c.* 66, § 67, enacts that when the action is against two or more defendants jointly indebted upon a contract,

and summons is served on one or more, but not on all of them, the plaintiff may proceed against those served, unless the court otherwise directs; and, if he recovers judgment, it may be entered against all of the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served. Regularly, therefore, judgment in the case at bar should have been entered against the *four* defendants. But it does not follow that it is void because entered against *three* only. The district court had jurisdiction of the case before it both as to parties and subject-matter, and, as a consequence, while its judgment may be improper, unauthorized, erroneous, and reversible upon *appeal*, (as in many cases recited by respondents,) it is not void. *Johnson* v. *Lough*, 22 Minn. 203; *Kipp* v. *Fullerton*, 4 Minn. 366, (473;) Freem. Judgm. §§ 532, 533.

By repeated decisions of this court, the action of the clerk in entering judgment in cases of this kind *is to be taken as the action of the court*; and the fact that a particular entry is improper, unauthorized, and erroneous does not render the judgment entered void, any more than if it was entered under the immediate eye and direction of the court itself. *Kipp* v. *Fullerton, supra; Reynolds* v. *La Crosse, etc., Co.*, 10 Minn. 144, (178;) *Skillman* v. *Greenwood*, 15 Minn. 77, (102;) *Egan* v. *Sengpiel*, 46 Wis. 703, 710, (1 N. W. Rep. 467;) *Frankfurth* v. *Anderson*, 61 Wis. 107, (20 N. W. Rep. 662;) *White* v. *Crow*, 110 U. S. 183, (4 Sup. Ct. Rep. 71.) A great many cases in which judgments entered by a clerk without direction of the district court have been brought before this court by appeal necessarily stand upon the correctness of this doctrine. The California courts have proceeded upon an entirely different theory as to the position of the clerk, and hence the authorities from that state are not in point with us.

The motion below to set aside the judgment in this instance was evidently based upon a notion that it was *void*, and not merely irregular or erroneous, and upon this notion the district judge manifestly proceeded in granting the motion. In this, as appears from what we have said, he was wrong. But, conceding that the motion included an application to set aside the judgment for irregularity or error merely,

and upon the ground of mistake or surprise, the application was too late; for the chattel mortgage, executed by the three moving defendants, shows, by their own express admission, that they had actual and undenied notice of the judgment against them within less than seven months after it was entered, and nearly two and a half years before their application was made. Gen. St. 1878, *c.* 66, § 125. That they did not know the *particulars* of the judgment, or that it was entered against them alone, is not important.

Order reversed.