ROSCOE F. HERSEY and others *vs.* GEORGE W. WALSH.

June 12, 1888.

**Damages—Conversion of Promissory Note.**—In an action for the conversion of a promissory note, the measure of damages, in the absence of other evidence, is the amount appearing to be due upon the note, with interest.

**Judgment—Conclusiveness—Presumption.**—The judgment of a court of general jurisdiction will be presumed to have been authoritatively rendered, unless the contrary affirmatively appears.

**Same—Default—Entry by Clerk—Laches.**—Where, in an action for the conversion of a promissory note, judgment upon default was entered for the proper amount of damages by the clerk, such judgment will not be treated as a nullity, solely upon the ground that it was entered without a formal assessment of damages, and an order of the court thereon, nor will it be set aside for such cause merely, after considerable delay.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing to set aside a judgment and subsequent orders in supplementary proceedings.

*Fayette Marsh*, for appellant.

*O. H. Comfort*, for respondents.

VANDERBURGH, J. Judgment was entered in this action upon default, after personal service of the summons. Execution was issued, and returned unsatisfied, and, pending proceedings supplementary to the execution, the defendant made a motion, based solely upon the record, to set aside the judgment and for his discharge, on the ground that it was void. From the order of the district court denying this motion this appeal is taken. The only question considered by the court below was whether the judgment was presumptively void and without jurisdiction upon the face of the record, so as to entitle the defendant to be relieved from the orders made in the supplementary proceedings.

As appears by the complaint, the action was brought for an alleged conversion of a promissory note belonging to the plaintiffs, given for the sum of $400, and interest. The defendant having failed to an-

swer, judgment was entered for the amount of the note, principal and interest. The record shows the usual proof of the service of the summons, and of defendant's default, but is silent as to any further proceedings. The court had jurisdiction of the defendant and the subject-matter; and, as the measure of damages in such an action is the face of the note, in the absence of any showing to the contrary, the amount for which judgment was entered is presumptively correct. *Booth* v. *Powers*, 56 N. Y. 22; *Barron* v. *Mullin*, 21 Minn. 374. The judgment is not void for anything appearing affirmatively upon the record, and, having been rendered by a court of general jurisdiction, it will be presumed to have been authoritatively entered by the clerk, in the absence of proof *aliunde*. *Galpin* v. *Page*, 18 Wall. 350, 366; *Kipp* v. *Collins*, 33 Minn. 394, (23 N. W. Rep. 554;) *Frankfurth* v. *Anderson*, 61 Wis. 107, (20 N. W. Rep. 662.) Had the defendant shown, by evidence outside the record, that there was irregularity in the proceedings, and that the judgment was entered without any order or direction of the court in the premises, still, under the decisions of this court, the judgment would not be absolutely void or a nullity; and if the amount of damages as assessed was undisputed, and the judgment in fact entered for the proper sum under the pleadings, so that no prejudice could have resulted, the court would be justified in refusing to set it aside for the irregularity, especially after considerable delay, as in this case. *Dillon* v. *Porter*, 36 Minn. 341, (31 N. W. Rep. 56,) and cases; *Libby* v. *Mikelborg*, 28 Minn. 38, (8 N. W. Rep. 903;) *Heinrich* v. *Englund*, 34 Minn. 395, (26 N. W. Rep. 122.)

Order affirmed.