MARGARET E. SLATER v. THOMAS OLSON.[1]

April 19, 1901.

Nos. 12,612—(52).

Pleading—Complaint.
    Complaint construed, and *held*, though flagrantly indefinite and uncertain, to state a cause of action, within the rule laid down in Smith v. Dennett, 15 Minn. 59 (81), and subsequent cases.

Appeal by defendant from a judgment by default entered in favor of plaintiff in the municipal court of Minneapolis. Affirmed.
    *George R. Robinson*, for appellant.
    *Everett Moon*, for respondent.

[1] Reported in 85 N. W. 825.

BROWN, J.

This action was brought in the municipal court of Minneapolis to recover the sum of $45, alleged to have been paid to defendant by plaintiff to be applied by defendant to release a lien upon plaintiff's property. Defendant did not appear, and default judgment was entered against him. Subsequent to the entry of the judgment defendant appeared generally and moved the court to vacate the judgment, and for leave to answer and defend in the action. The motion was denied, and defendant appealed from the judgment.

The assignments of error do not challenge the order denying the motion, but present only the questions (1) whether the complaint states a cause of action; (2) whether the judgment is void because entered by the clerk without application to or order of the court; and (3) whether the proof of service of the summons was sufficient to confer jurisdiction to enter the judgment. There is nothing of substance in the last two propositions. Defendant waived all defects in the manner of the service of the summons, and all defects in the proof of such service, by his general appearance in the action. And the entry of the judgment by the clerk without an order of the court, if an order was necessary, was, at most, an irregularity, and not fatal to the judgment. Hersey v. Walsh, 38 Minn. 521, 38 N. W. 613. Neither of these alleged defects was called to the attention of the court below by proper motion. The objection to the complaint is that it failed to state facts sufficient to constitute a cause of action. This point was not made to the court below, and the objection is raised for the first time in this court. The rule is thoroughly well settled in this state that, where the sufficiency of a pleading is first questioned on appeal to the supreme court, the pleading will be sustained, if by any reasonable inference or intendment a cause of action or defense can be spelled out of the matters pleaded. Smith v. Dennett, 15 Minn. 59 (81); Solomon v. Vinson, 31 Minn. 205, 17 N. W. 340; Dorr v. McDonald, 43 Minn. 458, 45 N. W. 864. The complaint is as follows:

"Plaintiff, for complaint, alleges that in the month of March,

1891, plaintiff paid to defendant, and defendant received from plaintiff to the use of this plaintiff, and for application in payment for paint and other materials, to the use of plaintiff, for release from a lien, the sum of forty-five dollars in cash. That said money was the property of plaintiff, and was never applied by defendant to any use of plaintiff."

A majority of the court are of the opinion that, though flagrantly indefinite and uncertain, the complaint may be sustained, within the rule above stated, as stating a cause of action for money had and received.

Judgment affirmed.