KATIE MILLER v. ANNA GANSER [1] and Others.[2]

November 7, 1902.

Nos. 13,090—(61).

Action Against Administratrix.

Complaint construed, and *held* to state a cause of action against an administratrix for her failure to pay a distributee her share of the estate.

Appeal by defendants from a judgment of the district court for Hennepin county, Elliott, J., entered upon a verdict in favor of plaintiff. Affirmed.

*E. E. Witchie* and *J. M. Dunn*, for appellants.

*Frederick L. McGhee*, for respondent.

BROWN, J.

Action to recover against the administratrix of the estate of a deceased person and her bondsmen for the failure on her part to pay over to plaintiff her distributive share of the estate. Plaintiff had judgment in the court below, and defendants appealed therefrom.

The only question presented for our consideration goes to the

[1] NICHOLAS GANSER v. ANNA GANSER and Others.

November 7, 1902.

Nos. 13,089—(60).

Appeal by defendants from a judgment of the district court for Hennepin county, Pond, J., entered upon a verdict in favor of the plaintiff. Affirmed.

*E. E. Witchie* and *J. M. Dunn*, for appellants.

*Frederick L. McGhee*, for respondent.

BROWN, J.

This cause was argued and submitted with that of Katie Miller against the same defendants; the questions presented are the same in each case, and the decision there made is followed.

Judgment affirmed.

[2] Reported in 92 N. W. 3.

sufficiency of the complaint. The complaint alleges, in substance, that on June 30, 1890, Peter Ganser died intestate, leaving, him surviving, his widow, this defendant, and six children, plaintiff being one of them; that the widow was appointed by the probate court administratrix of the estate, which she duly administered, and reported to the court on April 7, 1891, that the same had been duly administered, and that there remained in her hands the sum of $1,874.76 for distribution. The complaint then alleges that the probate court made its final decree of distribution, assigning the said estate as follows: One-third thereof to the widow,

"And to the remaining heirs of said deceased the one twenty-first part of said estate, and the share to which plaintiff became and was entitled, and was due and payable to her, was the sum of $178.54."

A prior allegation of the complaint is to the effect that the administratrix duly made and filed her final account in the probate court, and that the probate court duly made and entered its final decree assigning the residue of said estate.

Counsel for appellant presented his cause on the oral argument with much earnestness, and in apparent belief in the soundness of his contentions; but to sustain him we must violate every rule for the construction of pleadings this court has ever laid down, and apply to the complaint the strictest and most technical sort of construction. The rule is, and always has been, that, where objection is made to a pleading for the first time in this court, the same will be overruled and disregarded, if, by any sort of liberal construction, a cause of action may be spelled out of the pleading. That a cause of action may be spelled out of the complaint in this action is too clear to admit of discussion. The allegation that the probate court assigned to the six children of the deceased "the one twenty-first part of said estate" was clearly a mistake of the pleader, and is conclusively shown to be such by other allegations. The deceased left surviving him his widow and six children. The widow was entitled to one-third and the children to two-thirds of the estate. This conclusively appears from the complaint, and we are bound to presume that the probate court assigned the estate

in accordance with the law, and no mere inaccuracy in the language of the complaint from which a contrary inference might be drawn is sufficient to rebut that presumption. Cases on the subject of the rule for the construction of pleadings where objection is made for the first time in this court may be found in Dunnell, Pl. § 744. See also Slater v. Olson, 83 Minn. 35, 85 N. W. 825.

To the matter of interest, complained of by appellant,—something like four dollars,—we apply the maxim of "de minimis non curat lex."

Judgment affirmed.