### CITY OF LUVERNE v. P. O. SKYBERG AND OTHERS.[1]

November 26, 1926.

No. 25,660.

**Defendants not entitled as matter of right to have judgment entered by clerk vacated.**

1. By personally signing an answer, interposed to a complaint for the recovery of a stated sum upon an official bond, defendants appeared in the action; and since such answer admitted the amount claimed in the complaint to be due and authorized the clerk of court to enter judgment against defendants for such amount, without application to the court, the judgment entered was valid and defendants were not entitled to have it vacated as a matter of right.

**Trial court has large discretion in opening judgment to litigate meritorious defense.**

2. A large discretion is vested in the trial court in the opening of a judgment for the purpose of litigating an alleged defense, where the

[1]Reported in 211 N. W. 5.

application is based upon a defendant's inadvertence, mistake or excusable neglect, provided the proposed answer tenders a meritorious defense.

**Court justified in allowing defendants to show their principal was a defaulter when they signed his bond.**

3. The court was justified in granting defendants the opportunity to try the alleged defense that the defalcation of the one they bonded occurred during a term prior to that for which the bond in suit was given, and under the general denial the amount of recovery. Other asserted defenses are *held* not available.

**Judgment should not have been vacated.**

4. The court should have permitted the judgment entered to stand until the final determination of the cause.

Appearances, 4 C. J. p. 1327 n. 20.
Judgments, 34 C. J. p. 269 n. 57; p. 296 n. 7; p. 382 n. 73; p. 428 n. 69.
Officers, 29 Cyc. p. 1460 n. 25; p. 1461 n. 26.

Plaintiff appealed from an order of the district court for Rock county, Nelson, J., vacating a judgment and permitting defendants to answer. Modified and case remanded.

*Frank F. Michael* and *E. H. Canfield*, for appellant.

*C. T. Howard* and *O. A. Lende*, for respondents.

HOLT, J.

The appeal is from an order vacating a judgment and permitting defendants to interpose an answer.

The situation disclosed by the record is in brief this: Defendant P. O. Skyberg was for many years the city treasurer of plaintiff, being last elected in April, 1925, at which time he gave a bond for the faithful discharge of his duties, the other defendants being sureties thereon. Skyberg absconded in the latter part of December following. The bond was in the sum of $150,000. Plaintiff claimed that he had $143,755.32 of its funds unaccounted for when he disappeared. Skyberg was also cashier of the National Bank of Lu-

verne which was the depository of school and county funds and bonded as such, some of the sureties being also among the defendants herein. It was found that Skyberg had so looted the assets of the bank that its doors were closed. When these facts became known, the officers of the city, of the county and of the school district called the sureties into conference, informing them that it was their duty as officers of the corporations named to take the necessary legal steps to enforce the obligations of the sureties on the bonds. The result was that respondents signed a writing admitting liability as sureties on the bonds and agreeing within 15 days to confess judgment for the amount which might be due the city, county and school district. A few days thereafter, on January 6, 1926, at another conference, plaintiff presented the summons and complaint herein to respondents, who signed a formal answer to the complaint admitting all the allegations thereof and consenting to the entry of judgment against them without the making of an application to the court. Judgment was so entered the same day by the clerk. On March 11, 1926, notice of motion to vacate the judgment and for leave to serve a proposed amended answer was given by respondents to be heard March 30th. The motion was based on the ground that the "judgment is irregular and contrary to law; on the further ground that said judgment was entered through defendants' mistake, inadvertence, surprise and excusable neglect in not knowing or appreciating the consequences thereof at the time and in not seeking counsel or advice in the premises."

Respondents not only signed but verified the answer which refers to the complaint in such specific terms that the two may be considered one document so far as respondents are concerned. But even conceding there is not such a strict compliance with G. S. 1923, § 9413, as to warrant the entry of judgment by confession, there was such an appearance, by respondents interposing an answer, that the court obtained jurisdiction to enter judgment. Section 9238, G. S. 1923, provides: "A voluntary appearance by the defendant shall be equivalent to a personal service, unless the same be made for the sole purpose of attacking the jurisdiction." Whether

or not the answer was verified is really of no consequence, for each respondent signed the same in person and specifically authorized the clerk to enter judgment against him without making an application to the court therefor. There was no ground for the vacation of the judgment because of irregularity or want of jurisdiction to enter the same by the clerk. The judgment was valid in every respect.

In opening a judgment not void for want of jurisdiction or irregularity and permitting a defendant to have his day in court, the trial court is vested with large discretion. But there must be some reasonable excuse shown for defendant's failure to defend at the proper time, such as fraud by the other party or his own surprise, inadvertence or excusable neglect. There was here no showing of fraud, misrepresentation, undue haste or any improper conduct at all on the part of plaintiff, its officers or attorney, in what was done. A week elapsed between the time respondents in writing agreed to confess judgment and the time the complaint was presented to which they interposed their answer. Some of respondents were more closely identified with Skyberg and the bank than were the officers of plaintiff. But if they lacked knowledge of the situation or desired legal advice they had ample time to obtain both, previous to giving consent by their answer to the entry of the judgment. At the same time, there is force in the view taken by the learned trial court that these men were so dazed by the unexpected disclosures and the great disaster confronting them that they were hardly responsible for their acts, and that they ought to have an opportunity to assert what legal defenses they may have in court. We cannot hold the court to have abused judicial discretion in granting relief.

In addition to showing some ground for leave to defend, the proposed answer must tender a meritorious or legal defense in whole or in part to the cause of action stated in the complaint. There are allegations in the proposed amended answer to the effect that plaintiff's agents and officers neglected to examine and audit Skyberg's accounts; that they knew when the bond was accepted that he was in default; that plaintiff directed Skyberg to deposit all moneys col-

lected by him as city treasurer in the bank mentioned; and that plaintiff's agents and officers knew of the insolvent condition of the bank for months prior to the time it closed its doors and took no steps for protection. These alleged defenses appear to us wholly insufficient in law, and the record indicates that they can have no foundation in fact. It was held in County of Pine v. Willard, 39 Minn. 125, 39 N. W. 71, 1 L. R. A. 118, 12 Am. St. 622, that the knowledge of the county officials, that the newly elected county treasurer from whom they accepted an official bond had converted public moneys during his previous term, did not avoid the bond. Nor do we think there is any substance, in law or in fact, to the alleged defense that respondents signed the bond on condition that it should not take effect or be delivered until the sureties had justified in the sum of $300,000.

But we do think the allegation that "if any shortage existed in the account of defendant P. O. Skyberg" it existed long prior to the execution of the bond states a legal defense to the extent that defendants may be able to substantiate it by proper evidence. The inference to be drawn from County of Pine v. Willard, supra, is that the sureties would not be liable for the money abstracted or converted and not accounted for when the term of office, covered by the bond in suit, commenced. This is made to appear from the view taken in Merchants Ins. Co. v. Herber, 68 Minn. 420, 71 N. W. 624, of the former decision. And it is quite definitely decided in Board of Education v. Robinson, 81 Minn. 305, 84 N. W. 105, 83 Am. St. 374. The above allegation together with the general denial, which puts in issue the amount of the defalcation for which respondents are liable, presents legal defenses open to proof, and we do not see any abuse of discretion in permitting respondents their day in court thereon.

We think however that upon the whole showing the court ought not to have vacated the judgment. By its entry plaintiff had acquired a lien on respondents' real estate, and properly so. This lien plaintiff should have been allowed to retain until the final determination herein. Plaintiff moved with diligence and with entire fair-

ness to defendants to protect its rights. Defendants came in to litigate their defenses by grace, and plaintiff should not be placed in a worse position than it otherwise was by reason of this favor granted defendants. The judgment should be reinstated and the trial be had as ordered.

The order appealed from is modified accordingly, and the cause remanded for further proceedings in conformity with this opinion.