# COUNTY OF WILKIN v. FIRST STATE BANK OF ROTHSAY AND OTHERS.[1]

January 28, 1927.

No. 25,751.

**Rules governing official bonds apply to bonds given to secure deposits of public funds.**

1. Bonds given to secure the deposit of public funds are governed by the rules governing official bonds, and the fact that county officers knew that a depository was in default or insolvent and accepted its bond without communicating that information to the sureties does not absolve the sureties from liability thereon.

**Bank was legally designated as depository of county funds.**

2. The evidence establishes that the bank was legally designated as a depository of county funds.

**If same deposit is covered by two bonds, depositor can collect only once.**

3. A county having two bonds covering the same deposit may maintain an action on each, but can collect only once.

**All unpaid deposits covered by bond.**

4. The bond by its terms covers all deposits theretofore made and remaining unpaid at the time of its execution.

Depositaries, 18 C. J. p. 585 n. 50; p. 587 n. 94; p. 588 n. 11, 12 New; p. 589 n. 18; p. 597 n. 10.
Principal and Surety, 32 Cyc. p. 17 n. 18; p. 277 n. 60.

Plaintiff appealed from an order of the district court for Wilkin county, Olsen, J., of the Ninth judicial district acting for the judge of the Sixteenth judicial district, denying its motion for a new trial. Reversed.

*Clifford L. Hilton,* Attorney General, *Victor E. Anderson,* Assistant Attorney General, and *Henry G. Wyvell,* County Attorney, for appellant.

*Anton Thompson,* for respondents.

[1]Reported in 212 N. W. 183.

TAYLOR, C.

On July 28, 1921, the county of Wilkin designated the First State Bank of Rothsay as a depository of county funds and approved the bond given as security for such deposits. This bond covered the period of two years ending July 27, 1923. On October 15, 1923, the county again designated the bank as a depository of county funds and approved the bond tendered with the application of the bank for such appointment. On October 30, 1923, the bank was closed by the state banking department, and A. T. Dell as the representative of that department has been in charge of it since that date.

The county had the sum of $9,991.95 on deposit in the bank at the expiration of the period covered by the first bond. It made no more deposits until the second bond had been approved, but withdrew the sum of $5,000, leaving a balance of $4,991.95 in the bank when the second bond went into effect on October 15, 1923. Between that date and October 30 it deposited $388.07, and had $5,380.02 on deposit when the bank was closed. The county brought this action to recover that amount from the sureties on the second bond. It also brought a separate action against the sureties on the first bond to recover the $4,991.95 which had been deposited during the period covered by that bond.

The two bonds are the same in form and among other things provide that the bank "shall well and truly pay over on demand according to law, all funds belonging to said county which may hereafter be or have heretofore been deposited in said bank remaining unpaid at the time of the delivery and approval of this bond." By its express terms each bond covers deposits made before its execution as well as those made thereafter, in which respect it differs from the bonds involved in several of the cases hereafter cited.

Defendants claim that the bank had become insolvent and had refused to pay over county funds to plaintiff before the bond in question was executed; that the county officers knew these facts and failed to inform defendants thereof; and that defendants cannot be held upon the bond for that reason.

The court found that during the period covered by the first bond the county deposited large sums in the bank and withdrew large sums therefrom; that at the end of that period the sum of $9,991.96 remained on deposit in the bank; and that thereafter and before October 15, 1923, the further sum of $5,000 was paid to the county leaving a balance of $4,991.96 on deposit. The court also found:

"That on or about July 28, 1923, and at other times prior and subsequent to said date the county treasurer of said Wilkin county duly demanded of said bank the payment of said sum and balance of $4,991.96, so on deposit in said bank, and thereafter also demanded payment thereof from A. T. Dell, the receiver in charge of said bank after October 29, 1923, and that payment thereof was at all times refused."

Except as it may be inferable from the finding quoted, the court made no finding that the bank was insolvent prior to the time of its closing, nor that the county officers had any knowledge of its financial condition. With this finding as the basis for its conclusion, the court held that the sureties were not liable upon the bond.

Over plaintiff's objection defendants put in evidence the complaint in the action brought by the county on the first bond. That complaint states that the sum of $9,991.96 of the county funds was on deposit in the bank at the end of the period covered by the first bond; and that the sum of $5,000 thereof was withdrawn before October 15, 1923, leaving a balance of $4,991.96 on deposit. That statement is followed by a statement in substantially the same language as the finding which we have quoted. This statement found in that complaint is the only evidence in the case tending to sustain either the finding quoted or the previously stated claims of the defendants. It is undisputed that the amount on deposit was not reduced to the sum of $4,991.96 until October 12, 1923. That a demand for that specific sum was made before that date seems somewhat improbable. The records in evidence, the correctness of which is not questioned, show that all county funds in the bank were subject to check at all times; and there is no evidence that the bank ever failed or refused to pay any check drawn for such funds on presentation, nor that it

did not have sufficient funds to pay the full amount thereof at all times before it was closed. The county officers had no part in procuring the bond in controversy and had no communication with the sureties thereon concerning its execution. It was presented by the bank completely executed and was accepted and approved in the usual manner.

But, conceding that before the execution of this bond the county treasurer knew that the financial condition of the bank was such that it was unable to pay over the county funds on deposit therein, the fact that he failed to communicate such information to the defendants does not absolve them from liability on the bond. Cases holding that in transactions between individuals failure to impart such information releases the sureties are not in point, for it is settled in this state that bonds given to secure the deposit of public funds are governed by the rules governing official bonds, and that the fact that county officers knew before the bond was delivered that the depository was in default or insolvent, and accepted it without imparting that information to the sureties, does not absolve the sureties from liability thereon. Such bonds are required for the protection of the public and are enforced by the county as the representative of the public. The sureties voluntarily become responsible to the public for the payment by their principal of the funds covered by the bond, and are presumed to have informed themselves of the nature and extent of the risks which they assume. The county as the representative of the public owes them no duty to warn them of the nature or extent of such risks and is not precluded from enforcing the bond because county officers may have known facts not known to the sureties. County of Pine v. Willard, 39 Minn. 125, 39 N. W. 71, 1 L. R. A. 118, 12 Am. St. 622; County of Waseca v. Sheehan, 42 Minn. 57, 43 N. W. 690, 5 L. R. A. 785; Board of Co. Commrs. v. Security Bank, 75 Minn. 174, 77 N. W. 815; Board of Education v. Robinson, 81 Minn. 305, 84 N. W. 105, 83 Am. St. 374; City of Luverne v. Skyberg, 169 Minn. 234, 211 N. W. 5. The reasons for the rule are explained in these cases and a restatement of them is unnecessary.

Defendants also claim that the bank has not been designated as a depository of county funds under the bond in suit. Upon what they base this claim is not very clear. It is admitted that the bank made an application in due form to be appointed as such a depository. This application had been lost or destroyed and was not produced. But the bond with the indorsements thereon was made a part of the complaint and its execution was admitted by the answer. The bond itself was offered in evidence at the trial and received without objection. Indorsed upon it is a designation of the bank as a depository to take effect on the approval of the bond by the county board and signed by all the members of the board of auditors. Also indorsed upon it is an approval of the bond by the county board signed by the chairman of the board and the county auditor. That the county board had directed the approval of the bond is shown by the minutes of their proceedings. No record of the adoption of a formal resolution by the board of auditors designating the bank as a depository was presented; but the facts stated above stand unquestioned, and it must be held that the designation was properly and legally made. The effect of a failure to designate the depository in a proper manner, while not here important, is considered in Board of Co. Commrs. v. Gray, 61 Minn. 242, 63 N. W. 635; Board of Co. Commrs. v. State Bank, 64 Minn. 180, 66 N. W. 143; and Board of Co.Commrs. v. American L. & T. Co. 75 Minn. 489, 78 N. W. 113.

Defendants also claim that as the county has brought an action on the first bond they ought not to be held for funds deposited during the period covered by that bond. The fact that an action is pending on the first bond is no defense to the action on the second bond. Of course the county can collect but once, but it may proceed against all who are liable until it succeeds in collecting. If a surety is compelled to pay more than his share he may enforce contribution from the others. National Surety Co. v. Becklund, 169 Minn. 177, 210 N. W. 882.

Defendants also claim that the funds deposited during the period covered by the first bond had been dissipated and lost before the second bond was executed, and seek to exonerate themselves from

liability on that ground. The court made no finding to that effect and there is no evidence which would justify such a finding. Furthermore the sureties, by the express terms of the bond, made themselves responsible for the payment by the bank of all funds belonging to the county "which may hereafter be or have heretofore been deposited in said bank remaining unpaid at the time of the delivery and approval of this bond."

In Greene County v. City Bank of Jefferson, 196 Iowa, 1164, 195 N. W. 3, 196 N. W. 94, cited by defendants, the condition of the bond was to pay "all sums of money *now* or hereafter deposited in said bank;" and it was held not to cover prior deposits which had been wholly lost before the execution of the bond, but only those then in the bank. The difference between the two bonds is obvious.

The order denying a new trial is reversed.