## JOEL OSTERHUS v. KING CONSTRUCTION COMPANY AND OTHERS.

107 N. W. (2d) 526.

February 10, 1961—No. 37,989.

*Mandel & Bauman,* for appellant.
*Byron W. McCullagh,* for respondent DeZiel.
*Edward J. Callahan,* special appearance for respondent Rech.

MURPHY, JUSTICE.

This is an appeal by plaintiff from an order of the district court reopening a default judgment entered against defendant Harry F. De-Ziel, Jr., on September 17, 1956. Neither King Construction Company nor Ray J. Rech appears or is involved in the present appeal.

Plaintiff commenced this action August 10, 1956, against the corporate defendant and the two individual defendants. The complaint alleged that plaintiff performed certain work, labor, and services and provided materials for the defendants and that "there remains due and owing" the sum of $3,902.23. The complaint further alleged that in order to prevent plaintiff from filing timely liens on certain of the premises improved, defendants, with intent to defraud, issued checks which were dishonored because of insufficient funds and that as a result of such deceit plaintiff was damaged in the amount of $10,000. The complaint demanded judgment in that amount, plus costs and interest.

All defendants were personally served, but only the corporation and Rech interposed answers. On September 17, 1956, default judgment was entered against DeZiel by the clerk of district court in the amount of $3,902.23, plus costs and interest. On October 2, 1956, plaintiff, having levied upon a bank account of defendant DeZiel, secured a small sum which was credited against the judgment. Defendant admittedly knew of this levy.

On August 19, 1959, approximately 2 years and 11 months after entry of the default judgment, DeZiel moved to vacate the judgment and for leave to answer upon the grounds that his failure to answer was due to a mistake. This motion was supported by an affidavit of defendant alleging that at the time of service of the summons and complaint DeZiel "gave the papers" to the other defendant and that he did not learn of the judgment until the date of the levy, October 2, 1956. He further stated that thereafter he was unable to do anything in regard to the judgment by reason of the fact that he did not have funds with which to pay an attorney.

This motion was obviously governed by clause (1) of Rule 60.02, Rules of Civil Procedure, which provides that a motion to relieve

from a final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect must be made within one year after the judgment was entered. It was denied by the court without prejudice.

Thereafter defendant DeZiel moved to vacate the judgment upon the ground that it is void. A hearing was held upon this motion, and the court entered an order finding that "the Complaint on its face strongly suggests that the action is not one in contract but in tort," that "the judgment is voidable," that defendant's proposed answer states a valid and substantial defense, that the relief requested has been sought within a reasonable time, and ordering that the judgment be opened pursuant to Rule 60.02, clause (6). Plaintiff appealed.

It appears that sometime after the complaint herein was filed and prior to the motions to vacate the judgment, various markings were made on the face of the original copy of the complaint in ink. Some of the figures in the complaint appear to be written over, a notation that plaintiff has received a sum which apparently was secured in execution is noted, and a line is drawn through the paragraph alleging damages as the result of defendant's deceit. There is no evidence whatever and no basis for any inference as to when or by whom these marks were made on the face of the complaint. It does appear that the complaint was marked after it had been filed and probably after judgment had been entered. The markings on the face of the complaint are not relevant to the merits of the present case.

However, we take this occasion to state that it was completely improper for any person to make any changes on the face of the original copy of the complaint after it had been served, and the court expressly disapproves of such a practice. If any changes are to be made in a pleading that has been served, it should not be done by marking the original but by substituting a new pleading in an appropriate manner or by serving and filing an amendment. Legal pleadings are important and formal documents, and must be treated with respect by all those associated with the courts. Notations as to sums paid or other matters should be made either on separate sheets of paper or on the back or cover of pleadings with an appropriate indication of the date of the entry and the person by whom made.

The general principles governing attacks upon default judgments have long been established by this court. In Dillon v. Porter, 36 Minn. 341, 31 N. W. 56, an action was brought against four defendants jointly indebted, and default judgment was entered by the clerk against three of them. Thereafter, these defendants moved that the judgment be declared void and vacated. The district court granted the motion and on appeal this order was reversed. This court said (36 Minn. 342, 31 N. W. 57):

"By repeated decisions of this court, the action of the clerk in entering judgment in cases of this kind is to be taken as the action of the court; and the fact that a particular entry is improper, unauthorized, and erroneous does not render the judgment entered void, any more than if it was entered under the immediate eye and direction of the court itself."

In Hersey v. Walsh, 38 Minn. 521, 38 N. W. 613, the court affirmed an order refusing to set aside a default judgment, saying that the judgment not being void for anything appearing affirmatively on the record and having been rendered by a court of general jurisdiction is presumed to have been properly entered by the clerk. The court also stated that even if evidence aliunde established irregularity, the judgment would not be absolutely void or a nullity, and if it is for the proper sum the court would be justified in refusing to set it aside for irregularity especially after considerable delay.

In Slater v. Olson, 83 Minn. 35, 85 N. W. 825, the court held that the entry of a default judgment by the clerk without an order of the court, if an order is necessary, is at most an irregularity and not fatal to the judgment.

The court has most recently affirmed this principle in Sommers v. Thomas, 251 Minn. 461, 88 N. W. (2d) 191, where it was stated that the improper entry of a default judgment does not render a judgment void.

Defendant argues that since the complaint alleges damages by fraud and deceit, it sounds in tort; that the clerk consequently could not enter judgment without an order of the court finding the amount of damages; and that the judgment is therefore void rather than voidable. The

complaint is certainly not a model of clarity or good pleading. Had it been attacked directly, it might well have been held objectionable on any one of several grounds. However, after judgment has been entered and the time for appeal or direct attack upon the judgment has expired, the pleadings are not to be viewed in the same light as when they are directly challenged. The present motion of defendant is a collateral attack upon the complaint, and therefore requires that every possible inference in favor of the complaint be made and that all doubts be resolved in favor of the complaint and the validity of the judgment. Slater v. Olson, 83 Minn. 35, 85 N. W. 825; Whipple v. Mahler, 215 Minn. 578, 10 N. W. (2d) 771.

Thus viewed the complaint can be considered to plead a cause of action for the amount of $3,902.23 due and owing under a contract for work, labor, services, and materials furnished by plaintiff to defendants. Since this is the amount which was the basis of the judgment entered by the clerk, the complaint will support the judgment. The fact that additional allegations relating to certain other asserted damages were included in the complaint, although they did not form the basis of the judgment, is of no consequence. It should be noted that the district court did not reach a contrary conclusion but merely found that the complaint "on its face strongly suggests that the action is not one in contract but in tort." We may well agree with the district court as to the interpretation that might be given the complaint in ordinary circumstances. However, where a complaint is subject to collateral attack, as here, it takes more than a strong suggestion to sustain a holding that will result in invalidating a judgment. It should also be noted that the district court did not find the judgment void but only "voidable."

There is no authority under Rule 60.02 for the court to set aside a judgment which is voidable, rather than void, in circumstances such as those presented here after a lapse of time of the length involved here. Defendant's showing, at best, could not be construed to show anything more than mistake or excusable neglect as a reason for permitting the judgment to be entered and failing to attack it. We do not hold that defendant's neglect here was excusable but certainly the facts

set forth do not suggest anything more than this. Since the one-year limitation period for setting aside a judgment on the grounds of mistake or excusable neglect has long since passed, clause (1) of Rule 60.02 cannot be invoked.

The district court in its order stated that the judgment was being reopened pursuant to Rule 60.02, clause (6). This clause permits relief from a final judgment for "any other reason justifying relief from the operation of the judgment" and requires the motion to be made "within a reasonable time." No reason for relief from the judgment other than the mistake or excusable neglect of defendant is found or suggested by the court in its order except that the complaint is in poor form and that the defendant proposes to plead a valid and substantial defense. Neither of these reasons is sufficient under clause (6). Furthermore, since defendant admittedly knew of the entry of judgment shortly after it was entered, it is clear that the delay of nearly 3 years in moving to set it aside was unreasonable as a matter of law. In National Council v. Canter, 132 Minn. 354, 157 N. W. 586, we held that a delay of 9 months in similar circumstances required the denial of relief. The court said that it is well settled that to justify relieving a party from a judgment it must affirmatively appear that the application was made with reasonable diligence. The case of High v. Supreme Lodge, 207 Minn. 228, 290 N. W. 425, relied upon by the defendant, illustrates the point. There this court affirmed an order granting defendant's motion to vacate a default judgment. However, in that case the affidavit of no answer was filed, the default judgment was entered, and the defendant served plaintiff with a notice of motion to set aside the service of summons, all on the same day. Litigation continued thereafter to the date of our decision.

The decision in Sommers v. Thomas, 251 Minn. 461, 88 N. W. (2d) 191, does not support defendant's position in the instant case. In that case we held that a default judgment should be vacated to permit a defense 14 months after entry of the judgment, and, despite the fact that the complaint clearly alleged a tort rather than a contract, we said the judgment was voidable rather than void. However, defendant denied having been served with the complaint when suit was instituted;

it was plain that the damages claimed were unliquidated and indeterminate; there was a suggestion that plaintiff had allowed the judgment to lie dormant for a year in order to take advantage of defendant; and the defendant moved promptly when plaintiff sought to enforce the judgment. None of those elements is present here. In the instant case the complaint can be construed to allege a contractual obligation; the judgment is based upon an allegedly liquidated and specified debt; the plaintiff took action to enforce his judgment immediately after its entry; the defendant admits having been properly served with a complaint and learning of the judgment shortly after its entry when execution was levied; but the defendant took no action until nearly 3 years later. Here the delay was two and one-half times as long as in the Sommers case, and a showing has been made that plaintiff's rights against the corporate defendant have become less valuable during the period of delay as the result of various transactions and proceedings involving the defendant. In these circumstances, and upon the facts found by the district court and stated in its order, the defendant's motion to vacate the default judgment should have been denied.

Reversed.