ERNIE LANGE AND ANOTHER, d.b.a. LANGE
BROTHERS, v. EARL JOHNSON, d.b.a.
LAFAYETTE FARM SERVICE,
AND ANOTHER.
WALTER P. FEEHAN, RECEIVER OF LAFAYETTE
FARM SERVICE, INC., RESPONDENT.

204 N. W. 2d 205.

February 9, 1973—No. 43259.

*Gavin & Gavin, Edward J. Gavin, Nord, Webster & Brennan,* and *David W. Nord,* for appellants.

*Gislason, Alsop, Dosland & Hunter* and *Robert M. Halverson,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

This is an appeal from an order of the District Court of Nicollet County vacating a judgment. The plaintiffs had applied to the court ex parte for amendment of a judgment nunc pro tunc as of February 2, 1970, in Nicollet County. The judgment had been docketed only against Earl Johnson, d.b.a. Lafayette Farm Service, although it was originally entered on September 5, 1969, in McLeod County against Lafayette Farm Service, Inc., as well as Earl Johnson. The court refused plaintiffs' application for amendment of the judgment to be against Lafayette Farm Service, Inc., and ordered a hearing. At the hearing held September 28, 1970, the court granted the motion of the receiver for Lafayette Farm Service, Inc., to vacate the judgment. The court further required plaintiffs to pay to the receiver money previously collected under an execution and levy on the judgment in Scott County.

The issues raised on appeal are (1) whether a judgment against a corporate defendant is void for want of jurisdiction where the corporation was not named by the plaintiffs in the original summons and complaint but where the summons and complaint were served upon an officer of the corporation and where the corporation did in fact answer the complaint, and (2) whether an answer by the corporate defendant consenting to entry of judgment against it, which answer was not on file at the time of entry of judgment, is sufficient basis for the entry of a consent judgment by the clerk of court.

The plaintiffs farmed together in McLeod County and did business with defendant Earl Johnson, who was president and sole shareholder of Lafayette Farm Service, Inc. The Langes, through Johnson as a broker, delivered grain worth $15,310 to Cargill, Inc., in August 1969. Soon thereafter, plaintiffs apparently discovered that Lafayette Farm Service, Inc., was in financial difficulties. Plaintiffs contacted counsel, who mistakenly

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

began an action in McLeod County against Earl Johnson, doing business as Lafayette Farm Service, rather than against Lafayette Farm Service, Inc. The summons and complaint were served on Johnson by substituted service on August 27, 1969, and garnishment summons and writ of attachment were issued the following day to be served on Cargill, Inc. Defendant Earl Johnson instructed his attorney to admit liability on behalf of the corporation and to consent to entry of judgment against the corporation. On or about September 4, 1969, the attorney for defendant corporation served on plaintiffs' counsel the corporation's answer, showing both Johnson and the corporation as defendants, admitting liability on behalf of the corporation, and asking that plaintiffs have judgment as demanded. On September 5, 1969, plaintiffs' counsel secured a judgment in McLeod County. Defendant corporation's answer was not on file in the courthouse when judgment was entered. Plaintiffs' counsel later altered the original summons and complaint by typing in the name of the corporation as a defendant. Subsequently, the corporation's answer was filed with the court. Plaintiffs docketed a transcript of the judgment in Scott County, and on September 19, 1969, the Scott County sheriff collected two checks from Cargill under a writ of execution. The checks totaled $8,069.26, and plaintiffs realized the sum of $7,899.87, leaving a balance of $7,469.29 due.

On October 23, 1969, a receiver was appointed for the insolvent Lafayette Farm Service, Inc. In February 1970, a Nicollet County clerk docketed a transcript of judgment against Johnson but refused to docket a transcript of judgment against the corporation. On August 25, 1970, plaintiffs applied ex parte for amendment of the judgment nunc pro tunc to name the corporation as defendant. The court refused and ordered a hearing held on September 28, 1970, at which time a motion of the receiver dated September 15, 1970, for vacation of the original judgment was also heard. On May 16, 1971, the court ordered the judgment vacated and further ordered plaintiffs to pay over to the

receiver the money obtained under the execution in Scott County.

The court in its order of May 16, 1971, subsequently modified by order dated May 27, 1971, found the judgment to be irregular in many respects and void for want of jurisdiction as to defendant corporation on the ground that defendant corporation had not been properly served.

We first consider whether the judgment was void for want of jurisdiction. The motion of the receiver was brought under Rule 60.02, Rules of Civil Procedure, the provisions of which will relieve a party or his legal representative from a final judgment where the judgment is either voidable or void.[1]

In setting aside a void judgment under Rule 60.02(4), the court engages in a process totally different from that involved in the other Rule 60.02 causes. No question of discretion is involved. Difficult decisions on questions of law often must be made to determine whether or not a judgment is void or voidable. If a judgment is void, it must be set aside. It has no force and effect. A void judgment is one where the court lacks jurisdiction over the subject matter or over the parties. There is no time

---

[1] Rule 60.02, Rules of Civil Procedure, provides in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

limit set forth in Rule 60.02 for commencing proceedings to set aside a void judgment.

A valid judgment cannot be rendered against a party without due service of process upon him. A judgment entered without due service of process is absolutely void, not merely irregular or erroneous. Beede v. Nides Finance Corp. 209 Minn. 354, 296 N. W. 413 (1941). Generally, an erroneous judgment or one founded on some irregularity is voidable.

A summons is intended to impart notice of a claim. Thus, even in the face of a misnomer, if service of a summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant. Nelson v. Glenwood Hills Hospitals, Inc. 240 Minn. 505, 62 N. W. 2d 73 (1953).

In Nelson v. Glenwood Hills Hospitals, Inc. *supra*, plaintiff had named Glenwood Hills Hospitals, Inc., as defendant rather than Homewood Hospital, Inc., which was the proper defendant. The complaint wrongfully stated that Homewood Hospital, Inc., was owned and operated by Glenwood Hills Hospitals, Inc. The officer upon whom the summons and complaint were served was, however, an officer of both corporations, and the complaint had in fact stated a cause of action against Homewood Hospital, Inc. Accordingly, the court concluded that the notice to Homewood Hospital, Inc., was sufficient.

In Kerner v. Rackmill, 111 F. Supp. 150 (M.D. Pa. 1953), the court refused to allow amendment of a complaint to name a corporation as an additional defendant after the statute of limitations had run. In an action to recover damages for personal injury, the plaintiff in the complaint designated defendant as Lloyd Rackmill, individually and doing business under the firm name and style of Malibou Dude Ranch. Rackmill filed an answer denying that he was the owner and operator of Malibou Dude Ranch and stating that the owner and operator of the resort hotel was Malibou Dude Ranch, Inc. Plaintiff then sought to amend the complaint to designate Rackmill individually and the corpora-

tion as defendants. The court concluded that the plaintiff had not evidenced an intent to sue Rackmill individually and a business entity named Malibou Dude Ranch; rather, plaintiff merely evidenced an intent to sue Rackmill individually, with the additional words merely being descriptive of the individual. The corporation entered no appearance. The fact that Rackmill might have been competent to receive service on behalf of the corporation was considered by the court to be immaterial since the corporation was not bound to take cognizance of the action against Rackmill.

In the instant case, the defendant corporation had sufficient notice of the claim against it when the summons and complaint were served upon Johnson. Johnson was the president and sole shareholder of Lafayette Farm Service, Inc., and thus was competent to receive service in the name of the corporation. Further, plaintiffs evidenced an intent to sue the business entity, rather than Johnson individually. The debt was one owed to plaintiffs by the corporation. The corporation acknowledged in its answer that it was responsible for the debt, thereby indicating that it did in fact have actual notice of the claim against it. Thus, the corporation was in no way prejudiced by plaintiffs' failure to file an amended complaint.

It is true, as respondent points out, that this court has looked disapprovingly upon the alteration of court documents. In Osterhus v. King Const. Co. 259 Minn. 391, 393, 107 N. W. 2d 526, 528 (1961), the court noted:

"* * * If any changes are to be made in a pleading that has been served, it should not be done by marking the original but by substituting a new pleading in an appropriate manner or by serving and filing an amendment. Legal pleadings are important and formal documents, and must be treated with respect by all those associated with the courts."

The court, however, reversed an order to vacate the judgment since defendant had failed to make his motion to vacate within the appropriate period of time.

In the instant case, plaintiffs improperly amended the summons and complaint by typing the name of the corporate defendant on them rather than formally amending the documents and serving them upon the corporation. While we disapprove of the procedure, we do not find it sufficient grounds for vacation of the judgment where the corporate defendant had ample notice of the claim against it.

Plaintiffs also contend that the answer, which was interposed by Lafayette Farm Service, Inc., but was not on file at the time of judgment, was sufficient basis for the entry of a consent judgment by the clerk of court against the corporate defendant. A judgment by consent is contractual in nature. Hentschel v. Smith, 278 Minn. 86, 153 N. W. 2d 199 (1967). Consent may be given by the party personally or by his authorized representative. Union Bank v. Commissioners of Town of Oxford, 119 N. C. 214, 25 S. E. 966 (1896).

Where an answer is interposed consenting to the entry of judgment, that answer is sufficient evidence of an agreement between the parties to authorize a judgment by consent. City of Luverne v. Skyberg, 169 Minn. 234, 211 N. W. 5 (1926). In Skyberg, a judgment entered by the clerk was held valid where the defendants had signed a formal answer to the complaint admitting all the allegations therein and consenting to the entry of judgment against them without making application to the court. The court concluded that even if the judgment did not meet the strict requirements of a judgment by confession, the court obtained jurisdiction to enter judgment by the defendants' interposing an answer. Whether or not the answer was verified was held to be of no consequence since each defendant had signed the same in person and had specifically authorized the clerk to enter judgment against him.

In the instant proceedings, an answer was interposed consenting to judgment against the corporation. The answer was signed by the corporation's attorney, who had been authorized to consent to judgment. However, the answer was not on file in the

clerk's office when judgment was entered. The entry of judgment by the clerk of court before the filing of the answer admitting liability and consenting to judgment is an irregularity. However, it is not sufficient to declare the judgment void under these circumstances.

The trial court erred in finding the judgment of September 5, 1969, wholly void for want of jurisdiction over the defendant corporation. While this court cannot, and does not, condone the actions of plaintiffs' counsel in amending or altering original court documents, nevertheless, we have not heretofore, on such a ground, held a judgment to be void. Neither have we allowed the failure to file an answer, where in truth such an answer has been interposed, to be a basis for holding a judgment based on such an answer to be void.

The order of the trial court, including the requirement that plaintiffs deliver the money obtained from Cargill to the receiver, is reversed.

Reversed.