**In re the Matter of the Appeal of RICE COUNTY DITCH # 25.**

**No. C6–86–520.**

Court of Appeals of Minnesota.

June 24, 1986.

Review Denied Aug. 20, 1986.

David W. Larson, Minneapolis, for appellants.

Raphael J. Miller, Gaylord, for respondents.

Considered and decided by NIERENGARTEN, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellants, the owners of approximately 137 acres of land within the watershed of a county ditch, appeal from an order of the trial court finding that the county board acted unlawfully in rejecting the viewers' redetermination of benefits of the county ditch and directing the county auditor to levy all assessments against appellants. We reverse the trial court's order of September 3, 1985.

## FACTS

Rice County Ditch # 25 is located in Rice County, and it drains several wet areas in its watershed. During the 1970's, drainage problems developed, and consequently improvements consisting of a pumping station and a dike were constructed in the early 1980's. The costs of operating the pump were spread out over the entire watershed on the basis of the benefits to the overall watershed.

In November 1983 respondents, owners of land of higher elevation than appellants, petitioned the county board for a redetermination of the benefits of the ditch, thereby seeking to alter the assessment structure. The county board appointed viewers to review the benefits within the watershed, determine benefits afforded by the pumping station and the dike, and determine the boundaries of the watershed.

After giving notice to all owners of property within the watershed, a hearing was conducted on June 12, 1984. The viewers reported that only the 137 acres owned by appellants, which acres were closest to the pumping station, derived any benefit from its operation. The viewers recommended

that the appellants be assessed the entire cost of operating the pump, costs that were previously spread out over the entire watershed. The appellants, who were represented at the hearing by an attorney, disputed the viewers' report, and argued that hundreds of acres benefited from the pump and that the pump was frequently ineffective in removing all the water from their lands. The county board rejected the viewers' report without articulating its reasons in writing, but did enlarge the watershed by 87.5 acres.

The respondents then appealed, claiming the county board acted arbitrarily, capriciously, and unreasonably in rejecting the report of the viewers and overstated the benefits they received from the pumping station. Respondents claimed to be appealing the county board's order as it related to "[t]he action by the Board in failing to redetermine benefits for Rice County Ditch #25" and "[t]he amount of benefits determined as to the lands of each of the [respondents]." The county alone was served with the notice of appeal.

Appellants did not receive notice of the subsequent hearing. The trial court found that the county board's rejection of the viewers' redetermination of benefits was "arbitrary, unlawful and not supported by the evidence." Because the board made no specific findings, the trial court determined that the board was arbitrary as a matter of law. In addition, the trial court directed the county to levy assessments for the pumping station and its repair against appellants' 137 acres because they alone benefited from its operation.

After appellants were notified of the trial court's ruling, they moved to vacate the trial court's judgment for lack of notice. Subsequent to the trial court's order, the county also made a motion, seeking amended findings, an amended order, a dismissal of the appeal, and a new trial. The trial court denied all motions, and this appeal followed. By order, this court accepted jurisdiction.

Appellants appeal from the order denying their motion to vacate the trial court's judgment. This court accepted jurisdiction.

## ISSUE

Is the trial court's order of September 3, 1985 void for lack of notice as required by state law?

## ANALYSIS

Any party aggrieved by the decision of a county board pertaining to the "amount of benefits determined" or the "amount of damages allowed" with respect to a public drainage system may appeal to the district court. Minn.Stat. § 106.631, subd. 1 (1984). Any person who appeals contesting the amount of benefits or damages "*may* include and have considered and determined *benefits or damages affecting property other than his own*" and "*[n]otice of such appeal shall be served upon the owner or occupant of such other property* or upon the attorney who represents such owner in the proceedings." *Id.* subd. 2(a) (emphasis added).

Appellants argue that the September 3 order assessed all costs of the pumping station and its repair against their 137 acres and therefore appellants were entitled under section 106.631 to receive notice of the hearing before the court. Because they did not properly receive notice, appellants conclude that the September 3 order is invalid. *See Lange v. Johnson,* 295 Minn. 320, 324, 204 N.W.2d 205, 208 (1973) (a judgment entered without due service of process is absolutely void).

Appellants also claim that their due process rights were violated because they were denied the opportunity to present evidence to the district court, although they were readily identifiable as "affected landowners". Appellants conclude that the trial court's order of September 3, 1985 should be vacated because notice was not properly served, their due process rights were violated, and the trial court lacked jurisdiction.

Respondents counter that *any* party aggrieved by a county board's decision may appeal to the district court and because they were only requesting review of benefits or damages affecting their own property, they were not required under section 106.631 to provide appellants with notice. Thus, only the county board and county attorney needed to be served. Moreover, because respondents properly gave notice under the statute, respondents argue that "due process was satisfied."

 While it is true that one landowner can appeal his part of the proceedings independently of the others, that notice to the other landowners is not required, and that the determination of benefits to one tract does not affect the calculation of benefits assessed against other tracts, *see In re Judicial Ditch No. 24*, 87 F.Supp. 198, 203 (D.Minn.1949), it is apparent from the trial court's order of September 3, 1985 that the trial court considered and redetermined the benefits to the appellants' land at the request of respondents. The trial court did not limit itself to a review of the benefits received by the tracts of land owned by the respondents.

Similarly, respondent's post-trial brief to the trial court alleges that "[t]he testimony at the trial clearly showed that the only acreages affected by or benefiting from the * * * pumping station and dike improvement were the approximately 137.4 'flooded acres' [owned by appellants] * *." Moreover, respondents requested that the trial court find that the 137 acres owned by appellants "are the only acres within the watershed benefited by 1980–81 improvement to Rice County Ditch # 25."

Although respondent's notice of appeal did not appear to request a review of benefits of appellants' property, the benefits received by appellants were in fact considered and determined by the court. Because the trial court's order of September 3, 1985 clearly redetermines the benefits received by appellants from the pumping station, we reverse,

## DECISION

We reverse and direct the trial court to vacate its order of September 3, 1985. Reversed.