### In the Matter of Daniel BOWERS.

### No. C1–90–400.

Court of Appeals of Minnesota.

June 12, 1990.

Gerald Chester, Minneapolis, for Bowers.

Hubert H. Humphrey, III, Atty. Gen., Beverly Jones Heydinger, Asst. Atty. Gen., Kathy Meade Hebert, Sp. Asst. Atty. Gen., St. Paul, for appellant Comm. of Human Services.

Thomas L. Johnson, Hennepin County Atty., James Albrecht, Asst. County Atty., Minneapolis, for respondent Hennepin County.

Considered and decided by WOZNIAK, C.J., and FORSBERG and LESLIE*, JJ.

* Acting as judge of the Court of Appeals by ap-  pointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

WOZNIAK, Chief Judge.

In a series of commitment judgments, the trial court ordered the Commissioner of Human Services to pay all costs of care and/or transportation of committed persons. The Commissioner of Human Services appealed. Consideration of other appeals was stayed, pending the outcome of this appeal. We reverse.

## FACTS

The trial court conducted a number of commitment proceedings, addressing issues such as initial commitment as a mentally ill person, continued commitment to a regional treatment center, and administration of neuroleptic medications. The Commissioner received no notice and made no appearance at these hearings. After addressing the commitment issues in each case, the trial court ordered the Department of Human Services to pay all costs of care, treatment, and/or transportation of the committed persons.

Respondent Hennepin County[1] moved to dismiss the Commissioner's appeals, citing the Commissioner's failure to seek relief from the trial court. This court deferred decision on the motion until consideration of the merits.

## ISSUE

Is the Commissioner of Human Services bound by the trial court's determination on responsibility for costs?

## ANALYSIS

### I.

Respondent argues the Commissioner's failure to seek relief from the trial court precludes this court's consideration of the issues. *See Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 68 n. 2 (Minn.1979). Minn.R.Civ.P. 60.02(4) does authorize a party to move the trial court to

vacate a void judgment. *Lange v. Johnson*, 295 Minn. 320, 323, 204 N.W.2d 205, 208 (1973). Parties to commitment proceedings are permitted to bring post-trial motions. *See In re Jost*, 449 N.W.2d 719, 721 (Minn.1990). Such motions are not required in commitment proceedings to preserve issues for review. *In re Gonzalez*, 456 N.W.2d 724, 727 (Minn.App. June 5, 1990).

Rule 60.02(4) is available to *parties. See Regents of University of Minnesota v. Medical Inc.*, 405 N.W.2d 474, 480 (Minn.App.1987), *pet. for rev. denied* (Minn. July 15, 1987), *cert. denied*, 484 U.S. 981, 108 S.Ct. 495, 98 L.Ed.2d 494 (1987). A party is one who has the right to control the proceedings, to examine and cross-examine the witnesses, and to appeal. *Id.* Respondent argues the Commissioner is a party under the *parens patriae* theory, citing *Price v. Sheppard*, 307 Minn. 250, 258–59, 239 N.W.2d 905, 911 (1976). We disagree.

The county, as petitioner for commitment and representative of the public, may be considered a party, with a corresponding right to appeal. *In re Alexander*, 410 N.W.2d 85, 87 (Minn.App.1987). However, in a case closer to the fact situation presented here, a trial court ordered a county to prepare treatment reports and create necessary placements. *In re Wicks*, 364 N.W.2d 844, 847–48 (Minn.App.1985), *pet. for rev. denied* (Minn. May 31, 1985). This court held that the county did not have the duty to file reports or the authority to create placements. We noted that, while the Hennepin County Attorney represented the petitioner, Wicks' father, Hennepin County itself was not a party to the proceeding. *Id.* at 847. Here, the Commissioner did not receive notice of the hearings or the claim for costs, and she did not participate. We conclude she was not a party and could not properly bring a Rule 60.02(4) motion.

---

1. In the trial court, the Hennepin County Attorney represented Thomas B. Bowers and Stephen F. Bowers, the petitioners seeking Daniel Bowers' commitment, but on appeal he represents only the interests of Hennepin County. No party has challenged the county's participation on appeal, and we do not address it here.

Although the Commissioner was not a party to the commitment proceedings within the meaning of Rule 60.02, she is specifically authorized to appeal the trial court's decision. Minn.Stat. § 253B.23, subd. 7 (1988); *see County of Ramsey v. Minnesota Public Utilities Commission*, 345 N.W.2d 740, 744 (Minn.1984) (aggrieved persons not parties to agency proceedings authorized by statute to appeal); *Drewes v. Levine*, 366 N.W.2d 719, 720 (Minn.App. 1985), *pet. for rev. denied* (Minn. July 11, 1985) (committing county which did not participate in proceeding before judicial appeal panel authorized to appeal).

■ The Commissioner was not required to seek relief in the trial court, and her failure to do so does not limit our review on appeal. An issue of law which appears on the trial court record may be considered on appeal despite the appellant's failure to appear or to make a post-trial motion for relief. *In re Estate of Magnus*, 444 N.W.2d 295, 297–98 (Minn.App.1989). Whether a portion of the commitment judgment is void presents an issue of law. *Lange*, 295 Minn. at 323, 204 N.W.2d at 208. The narrow issue of law presented here is properly raised on appeal. Respondent's motion to dismiss is denied.

## II.

■ The trial court was required to determine whether Bowers was mentally ill, to examine alternatives to commitment, and to select the least restrictive facility to meet Bowers' treatment needs. Minn.Stat. § 253B.09, subd. 1. The authority of the committing court is limited, and it may not inquire into every issue related to commitment. For instance, the court is not authorized to inquire into most treatment issues, *Wicks*, 364 N.W.2d at 847, except when the treating facility has sought court approval of intrusive treatment, such as electroconvulsive therapy or neuroleptic medications. *Jarvis v. Levine*, 418 N.W.2d 139, 145 (Minn.1988).

■ While the court has limited authority to determine the nature and extent of the property of the patient and of persons liable for the patient's care, Minn.Stat.

§ 253B.09, subd. 3, the extent of the Commissioner's responsibility for costs is not properly raised in a commitment proceeding. Various statutes and state rules set out a complex statutory scheme for determining responsibility for mental health services and for payment of the costs. *See* Minn.Stat. §§ 245.461–.486, 246.50–.64, 256G.01–.12 (1988 & Supp.1989); Minn.R. 9515.1000–.2600. These issues may not be determined in the context of commitment proceedings to which the Commissioner was not a party.

■ The Commissioner generally receives no notice of a commitment hearing. *See, e.g.,* Minn.Stat. § 253B.08, subd. 2 (1988) (proposed patient, patient's counsel, petitioner, and other persons as court directs shall be notified of hearing on petition to commit; Commissioner notified only if proposed patient has no residence in state). It is fundamental that a party must have notice of a claim and the opportunity to oppose the claim before a binding adverse judgment may be entered. *Folk v. Home Mutual Insurance Co.*, 336 N.W.2d 265, 267 (Minn.1983) (trial court must base relief on issues raised by pleadings or litigated by consent). Due process requires that a party be given notice of a proceeding. Notice is a prerequisite for the trial court to exercise personal jurisdiction and to render a decision binding as to that party. *Zak v. Gypsy*, 279 N.W.2d 60, 64 (Minn.1979). No valid judgment can be rendered against a party without due service of process, and any judgment rendered without proper notice is absolutely void, not merely irregular or erroneous. *Lange*, 295 Minn. at 324, 204 N.W.2d at 208. It is clear the Commissioner of Human Services lacked notice of the hearing. The portion of the judgment purporting to bind the Commissioner is void. *Id.*

## DECISION

The trial court's determination regarding responsibility for the costs of transporta-

tion, care, and treatment is void and does not bind the Commissioner of Human Services. The balance of the commitment judgment, which was not challenged on appeal, remains in effect.

Reversed.