**Myles REOME, Respondent,**

v.

**Leonard W. LEVINE, Commissioner of Public Welfare, and Hennepin County, Appellants.**

No. C1–84–372.

Court of Appeals of Minnesota.

June 19, 1984.

Hubert H. Humphrey, III, Atty. Gen., John M. Burman, Sp. Asst. Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Peter J. Fransway, Asst. County Atty., Minneapolis, for appellants.

John Duckstad, St. Paul, for respondent.

Heard, considered, and decided by POPO-VICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

The Commissioner of Public Welfare and Hennepin County appeal the decision of the Supreme Court Appeal Panel reversing the Commissioner's order which denied respondent's discharge from commitment as mentally ill and dangerous. We affirm.

## FACTS

Respondent Reome was committed to the Minnesota Security Hospital as mentally ill and dangerous on a final order of commitment dated November 5, 1982. He had previously been sent to the Minnesota Security Hospital on June 16, 1982, for a 60-day evaluation.

Reome's commitment arose from his assault on his common-law wife, and a series of threats he made to kill operators of various shelters for battered women in the Twin Cities. Reome agreed that he needed treatment for his anger and hostility and for chemical dependency. At the commitment hearing, he was found to be suffering from an anti-social personality with paranoid features, and was committed to the Security Hospital as mentally ill and dangerous.

Reome attempted to obtain a discharge by a petition to the Special Review Board, the administrative body established pursuant to Minn.Stat. § 253B.18(4) (Supp.1983) to review petitions for discharge of persons committed as mentally ill and dangerous. The Commissioner adopted the recommendation that Reome not be discharged.

Reome then petitioned for rehearing and reconsideration before the Supreme Court Appeal Panel, appointed by the Minnesota Supreme Court pursuant to Minn.Stat. § 253B.19(1) (Supp.1983) to review decisions relating to the discharge of persons committed as mentally ill and dangerous. A hearing was held before the panel on January 6, 1984. In a split decision, one judge dissenting, the panel reversed the Commissioner's order and ordered Reome discharged.

Reome is currently receiving treatment at the Security Hospital Project ADAPT, a program designed to provide treatment to persons suffering from character disorders. In the opinion of the hospital staff, Reome suffers from a character disorder and not a mental illness.

## ISSUE

Whether the Appeal Panel erred in discharging respondent Reome from his commitment as mentally ill and dangerous.

## ANALYSIS

■ In its decision, the three-judge panel made the following pertinent Findings of Fact:

3. That appellant has an anti-social personality, but is not mentally ill within the meaning of the statute.

4. That appellant is apt to be involved in criminal-type behavior in the future, but is not deemed dangerous as a result of mental illness.

5. That appellant has not lost "the ability to control his actions" within the holding of *Johnson and Mathews v. Noot,* 323 N.W.2d 724 (1982).

6. That appellant is no longer in need of inpatient treatment and supervision.

These findings have a basis in the record and are not clearly erroneous.

The statute defines a person who is "mentally ill and dangerous to the public" as one "(a) who is mentally ill; and (b) who as a result of that mental illness presents a clear danger to the safety of others ...." Minn.Stat. § 253B.02(17) (Supp.1983). The statute also sets forth the criteria for discharge.

A person who has been found by the committing court to be mentally ill and dangerous to the public shall not be discharged unless it appears to the satisfaction of the commissioner, after a hearing and a favorable recommendation by a majority of the special review board, that the patient is capable of making an acceptable adjustment to open society, is no longer dangerous to the public, and is no longer in need of inpatient treatment and supervision.

In determining whether a discharge shall be recommended, the special review board and commissioner shall consider whether specific conditions exist to provide a reasonable degree of protection to the public and to assist the patient in adjusting to the community. If the desired conditions do not exist, the discharge shall not be granted.

Minn.Stat. § 253B.18(15) (1982).

The question presented to this court on appeal is whether respondent Reome may

be released from involuntary hospitalization when he has been found to be no longer mentally ill and no longer in need of inpatient treatment and supervision, but is apt to be involved in dangerous and/or criminal activity in the future.

Under the discharge statute, a person committed as mentally ill and dangerous may not be discharged unless he is capable of making an acceptable adjustment to open society, he is no longer dangerous to the public, and he is no longer in need of inpatient treatment and supervision. A literal reading of § 253B.18(15) would lead one to conclude that the question of dangerousness is independent of the question of mental illness.

However, the discharge statute must be read in conjunction with the definition of mentally ill and dangerous. That definition clearly requires a showing that the patient be dangerous as a result of mental illness. Minn.Stat. § 253B.02(17) (Supp.1983). The Appeal Panel made a specific finding that Reome was "not dangerous as a result of mental illness." If the patient is no longer mentally ill, he cannot be dangerous to the public as a result of mental illness.

The same result occurred under the old statute, although the statute did not clearly predicate the finding of a dangerous condition on the existence of mental illness. Under the old statute:

> "A person dangerous to the public" means a person who is mentally ill or mentally deficient and whose conduct might reasonably be expected to produce a clear and present danger of injury to others.

Minn.Stat. § 253A.02(17) (1980). The Minnesota Supreme Court in *Johnson v. Noot*, 323 N.W.2d 724 (Minn.1982) considered under the provisions of § 253A the question of discharge of a patient no longer mentally ill. Construing the discharge criteria set forth in Minn.Stat. § 253A.15(2)(a) (1980) along with the definitional statute quoted above, the court stated:

> [W]e hold that the statutory criteria for discharge of persons committed as mentally ill and dangerous—that the patient

is "capable of making an acceptable adjustment in society"—be construed to mean that the patient is either no longer mentally ill or no longer dangerous.

*Johnson*, 323 N.W.2d at 728. Accordingly, even construing language less specific than that of § 253B.02(17) (Supp.1983), the court found a person who was no longer mentally ill could not be retained in treatment despite the fact that he might still be dangerous.

The additional requirement of § 253B.18(15) that the commissioner shall consider specific conditions providing a degree of protection to the public and to assist the patient in adjusting to the community adds no new element or requirement to the discharge provisions. It cannot be used by itself to prevent the discharge of a patient who is no longer mentally ill and dangerous as defined in the Act.

The findings of the Appeal Panel that Reome is not mentally ill and is not dangerous as a result of mental illness are supported by the record and are not clearly erroneous. In light of the holding in *Johnson* and the interpretations of Minn.Stat. §§ 253B.02(17) and 253B.18(15), the decision of the panel must be affirmed.

## DECISION

The discharge provisions of Minn. Stat. § 253B.18(15) (1982) must be read in conjunction with the definition of mentally ill and dangerous in Minn.Stat. § 253B.02(17) (Supp.1983) and the Minnesota Supreme Court's decision in *Johnson v. Noot*, 323 N.W.2d 724 (Minn.1982). Because respondent is not mentally ill and not dangerous as a result of mental illness, he may not be involuntarily hospitalized as mentally ill and dangerous. The order of the Supreme Court Appeal Panel is affirmed.

Affirmed.