**Myles REOME, Respondent,**

v.

**Leonard W. LEVINE, Commissioner of Public Welfare, and Hennepin County, Appellants.**

No. C1–84–372.

Court of Appeals of Minnesota.

Feb. 19, 1985.

Review Denied April 18, 1985.

Jon R. Duckstad, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Gary A. Van Cleve, Sp. Asst. Atty. Gen., St. Paul, Thomas L. Johnson, Co. Atty., Peter J. Fransway, Asst. Co. Atty., Minneapolis, for appellants.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

HUSPENI, Judge.

### FACTS

The facts relevant to this appeal are contained in *Reome v. Levine*, 350 N.W.2d 428 (Minn.Ct.App.1984) (Reome I). In *Reome I*, this court affirmed a supreme court appeal panel determination that, because Reome is not mentally ill and not dangerous as a result of mental illness, he cannot be involuntarily hospitalized as mentally ill and dangerous. The Commissioner of Public Welfare petitioned the supreme court for review, and the supreme court, 361 N.W.2d 29, remanded the matter to us for reconsideration in light of its subsequent opinion in *Enebak v. Noot*, 353 N.W.2d 544 (Minn. 1984).

### DECISION

In *Reome I*, this court read the discharge provisions of Minn.Stat. § 253B.18, subd. 15 (1982), in conjunction with the definition of mentally ill and dangerous in Minn.Stat. § 253B.02, subd. 17 (Supp.1983), and *Johnson v. Noot*, 323 N.W.2d 724 (Minn.1982) (interpreting section 253A). In *Enebak*, the supreme court made the following observation:

> The statute is a clear legislative mandate that the need for inpatient treatment and the degree of protection to the community are the factors to be considered in the discharge decision. Therefore, the panel's application of the statute, rather than the *Johnson* case, was correct and must be upheld.

*Enebak*, 353 N.W.2d at 547.

The applicable discharge statute is Minn. Stat. § 253B.18, subd. 15 (1982), which reads:

Discharge. A person who has been found by the committing court to be mentally ill and dangerous to the public shall not be discharged unless it appears to the satisfaction of the commissioner, after a hearing and a favorable recommendation by a majority of the special review board, that the patient is capable of making an acceptable adjustment to open society, is no longer dangerous to the public, and is no longer in need of inpatient treatment and supervision.

In determining whether a discharge shall be recommended, the special review board and commissioner shall consider whether specific conditions exist to provide a reasonable degree of protection to the public and to assist the patient in adjusting to the community. If the desired conditions do not exist, the discharge shall not be granted.

The sole condition listed above which was included as a finding of fact by the supreme court appeal panel was that Reome is no longer in need of inpatient treatment and supervision. Reome may not be discharged until it is determined that he meets all of the requirements set forth in section 253B.18, subd. 15.

Since the appeal panel did not use this section as the standard for its decision, the matter must be remanded to them for further findings to determine if Reome may be discharged under section 253B.18, subd. 15.

*Reome I* is hereby vacated in light of the supreme court opinion in *Enebak*.

Appeal panel's order reversed and remanded.