**James Brian DREWES, Respondent,**

v.

**Leonard W. LEVINE, Commissioner of Human Services, Respondent,**

**Itasca County, Appellant.**

**No. C1–85–141.**

Court of Appeals of Minnesota.

May 7, 1985.

Review Denied July 11, 1985.

David C. Moody, Schmidt, Thompson, Thompson & Johnson, P.A., Willmar, for Drewes.

Hubert H. Humphrey, III, Atty. Gen., Ruth Mickelsen, Sp. Asst. Atty. Gen., St. Paul, for Leonard W. Levine.

John P. Dimich, Itasca County Atty., Jim Mason, Asst. County Atty., Grand Rapids, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Respondent previously appealed from the denial of his petition for discharge from commitment. *Drewes v. Levine*, 352 N.W.2d 456 (Minn.Ct.App.1984). We reversed for lack of factual findings, established the burden of proof to obtain discharge, and remanded. The parties then agreed a new petition for discharge would be heard de novo. The appeal panel ordered respondent discharged because he was not mentally ill and his dangerousness did not result from mental illness. We reverse and remand.

## FACTS

Drewes, a 49 year old man, was committed to the St. Peter Security Hospital in August 1981 as manic depressive and chemically dependent. He petitioned the Commissioner of Public Welfare (now Human Services) for discharge. The petition was denied and the supreme court appeal panel affirmed, retaining jurisdiction for one year to monitor placement. We reversed concluding Drewes must meet the statutory criteria for discharge and that the panel must make factual findings in support of their decision.

A new petition for discharge dated July 18, 1984 was heard on August 31, 1984. The panel, in a split decision, found (a) Drewes was not mentally ill, (b) that he may not have been mentally ill when committed, (c) that he suffers from a character disorder (anti-social personality), and (d) he abuses chemicals. The appeal panel concluded his dangerousness did not result from mental illness and ordered discharge. The committing county appeals, arguing the statutory criteria for discharge should have been considered.

## ISSUES

1. Does a nonparticipating committing county have standing to appeal a discharge order?

2. Was respondent properly discharged when the appeal panel concluded he was not dangerous as a result of mental illness?

## ANALYSIS

■ 1. A patient committed as mentally ill and dangerous may file a petition for discharge to be heard by the special review board. Minn.Stat. § 253B.18, subd. 5 (1984). The Commissioner of Human Services must issue a decision within 14 days after receiving the board's recommendation. *Id.* "The committed person or the county attorney of the county from which" the patient was committed may petition a judicial appeal panel for reconsideration of the commissioner's decision. Minn.Stat. § 253B.19, subd. 2.

A party aggrieved by an order of the appeal panel may appeal from the decision of the appeal panel to the court of appeals as in other civil cases.

*Id.*, subd. 5.

The commissioner appeared before the appeal panel, but Itasca County did not participate. The county now appeals from the appeal panel decision. Respondent argues the county lacks standing since it did not appear before the panel. We do not agree.

The county advocates the commissioner's position. There is no surprise, and this is essentially a substitution of counsel. It would be inefficient to require the committing county to appear before the appeal panel to make the same arguments as the commissioner merely to protect its right to appeal an adverse decision. Substitution of the committing county does not prejudice the patient. The county is an aggrieved party and may assert its interest on appeal.

■ 2. A patient committed as mentally ill and dangerous shall not be discharged unless it appears the patient:

(1) is capable of making an acceptable adjustment to open society;

(2) is no longer dangerous to the public; and

(3) is no longer in need of inpatient treatment and supervision.

*See* Minn.Stat. § 253B.18, subd. 15 (1984). The commissioner must also "consider whether specific conditions exist to provide a reasonable degree of protection to the

public and to assist the patient in adjusting to the community." *Id.*

The appeal panel found Drewes remains dangerous to the public but not as a result of mental illness. It also found Drewes "has the potential to make an acceptable adjustment to society upon release if he abstains from alcohol." The panel concluded Drewes must be discharged because he was no longer mentally ill "even though his potential for dangerousness continues to exist." Itasca County contends the discharge should be reversed and remanded for findings whether Drewes meets the statutory criteria for discharge. We agree.

We previously interpreted the patient's burden to obtain discharge from commitment in *Reome v. Levine,* 350 N.W.2d 428 (Minn.Ct.App.1984) (*Reome I*). There, the judicial appeal panel, with one judge dissenting, discharged Reome after concluding he suffered from a character disorder and not a mental illness. We affirmed, and the commissioner petitioned the supreme court for review.

The supreme court remanded for reconsideration in light of *Enebak v. Noot,* 353 N.W.2d 544 (Minn.1984), decided after *Reome. See Reome v. Levine,* 361 N.W.2d 29 (Minn.1985). Enebak was committed as a psychopathic personality subject to the same provisions as persons committed as mentally ill and dangerous. *See* Minn.Stat. § 253B.02, subd. 17 (1984). Like Reome and Drewes, Enebak was diagnosed as having an anti-social personality but no major mental illness. The *Enebak* court held the statutory criteria must be addressed rather than the factors in *Johnson v. Noot,* 323 N.W.2d 724 (Minn.1982). *Enebak,* 353 N.W.2d at 547. *Johnson,* which was decided under the prior commitment statute, construed the discharge criteria "to mean that the patient is either no longer mentally ill or no longer dangerous." *Johnson,* 323 N.W.2d at 728.

Because the supreme court explicitly rejected the *Johnson* analysis upon which we relied in *Reome I,* we vacated our decision and remanded to the appeal panel for consideration of the statutory discharge criteria. *Reome v. Levine,* 363 N.W.2d 107 (Minn.Ct.App.1985) (*Reome II*).

Similarly, the appeal panel in this matter did not address Drewes' need for further treatment and supervision or examine the conditions which may protect the public and assist Drewes in adjusting to open society. It found Drewes "may now be dangerous in the ordinary sense of the word." If Drewes remains dangerous to the public, he "shall not be discharged." Minn.Stat. § 253B.18, subd. 15 (1984).

## DECISION

The supreme court appeal panel must address the statutory factors. Only if respondent demonstrates that he meets the criteria of Minn.Stat. § 253B.18, subd. 15 may he be discharged.

Reversed and remanded.