**Steven BLANK, Appellant,**

v.

**Leonard W. LEVINE, Respondent.**

No. C2–85–584.

Court of Appeals of Minnesota.

June 25, 1985.

Allan R. Poncin, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Erica Jacobson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Steven Blank appeals from an order affirming the Commissioner of Human Services' revocation of Blank's provisional discharge from commitment. We affirm.

## FACTS

Blank was committed as mentally ill and dangerous in March 1978 and provisionally discharged on December 1, 1980. He voluntarily returned to the state hospital on July 30, 1984, and the provisional discharge was revoked September 4, 1984. A special review board recommended revocation to the Commissioner of Human Services, who affirmed the revocation on November 7, 1984.

Blank petitioned for reconsideration by the supreme court appeal panel which subsequently affirmed the commissioner's revocation on the grounds that Blank, who is diagnosed as schizophrenic and chemically dependent, requires continued inpatient supervision and monitoring. The panel further found no plan providing reasonable protection to the public and enabling Blank to adjust to the community was possible, due to Blank's continued chemical abuse.

Blank appeals, arguing he is entitled to be discharged from his commitment.

## ISSUES

1. Was Blank's provisional discharge properly revoked?

2. Did the supreme court appeal panel properly deny Blank's petition for a new provisional discharge?

3. Is Blank entitled to a full discharge from his commitment?

## ANALYSIS

### I

The provisional discharge of a patient committed as mentally ill and dangerous may be revoked if the patient violates the conditions of discharge, exhibits signs of mental illness requiring in-hospital evaluation or treatment, or the patient exhibits behavior dangerous to himself or others. Minn.Stat. § 253B.18, subd. 10 (1984).

■ Blank exhibited signs of mental illness from January 1984 through July 1984, including his statements that he was hounded by the devil, he felt like a walking furnace, and his blood was 100 degrees. Blank also exhibited behavior dangerous to others in repeated acts of aggression and violence directed at other residents, himself, and staff at a board and care home where he lived. He further exhibited behavior dangerous to himself by the use of up to three inhalers per day although he understood such abuse caused his seizures. He also abused other chemicals, failed to obtain chemical dependency counseling and did not abstain from chemical use as required by his provisional discharge plan. *See* Minn.Stat. § 253B.18, subd. 10(i). He frequently injured himself. The revocation of Blank's provisional discharge clearly met the statutory criteria.

■ Blank challenges the revocation procedures employed in his case. The patient may appeal a revocation to the special review board, which will recommend to the commissioner whether to uphold the revocation. Minn.Stat. § 253B.18, subd. 13 (1984). The board may also consider whether to recommend a new provisional discharge. *Id.*

Blank asserts he was entitled to a probable cause hearing within 72 hours of the notice of revocation. The Minnesota Commitment Act affords no such hearing. In addition, Blank returned to the state hospital voluntarily. The revocation was not improper.

Blank appealed his revocation to the special review board on September 5, 1984, and a hearing was held October 17, 43 days later, although a hearing on a patient appeal from a revocation order must be

"scheduled within 30 days." *Id.* Blank argues the revocation must be set aside because the hearing was not actually *held* within 30 days.

 We have found no judicial interpretation of the term "scheduled," as used in the statute, or "held", as asserted by Blank. We do not agree the commissioner's decision upholding the revocation is invalid merely because the patient, who voluntarily chose to return to, and remain at, the hospital, did not receive a hearing until 43 days after his appeal. No apparent prejudice seems to have resulted from the 13 day delay.

## II

Blank asserts he is entitled to a new provisional discharge because he is no longer mentally ill and dangerous and he has fulfilled the statutory criteria for discharge.

A patient committed as mentally ill and dangerous may be provisionally discharged if it appears "the patient is capable of making an acceptable adjustment to open society." Minn.Stat. § 253B.18, subd. 7 (1984). The specific factors to be considered are:

(a) whether the patient's course of hospitalization and present mental status indicate there is no longer a need for inpatient treatment and supervision; and

(b) whether the conditions of the provisional discharge plan will provide a reasonable degree of protection to the public and will enable the patient to adjust to the community.

*Id.*

Two psychiatrists, Charles Dean and Carl Schwartz, testified to the appeal panel that Blank primarily requires treatment and supervision for his chemical dependency, and not for his mental illness, although he also requires monitoring for signs of psychotic behavior while psychotropic medications are suspended. Further, until Blank's chemical abuse is under control, community facilities will not accept him. A social worker testified Blank is unable to control his behavior in the community and has threatened to steal inhalants from drug stores rather than go without.

We conclude the panel's findings that Blank requires further inpatient treatment and cannot yet adapt to the community are not clearly erroneous and a new provisional discharge was properly denied.

## III

Finally, Blank argues he is entitled to a full discharge from his commitment because he is no longer mentally ill or dangerous. The issue for the appeal panel is whether the patient meets the statutory criteria for discharge, not whether he could be committed anew under the statute. *Drewes v. Levine,* 366 N.W.2d 719, 721 (Minn.Ct.App.1985). The factors to be evaluated for final discharge are similar to those for provisional discharge, which Blank failed to meet. *See* Minn.Stat. § 253B.18, subds. 7 and 15 (1984). He is not entitled to a full discharge.

## DECISION

The provisional discharge was properly revoked and the supreme court appeal panel did not err in refusing to discharge Blank from his commitment.

Affirmed.