STATE of Minnesota, Plaintiff,

v.

**Michael James NODES, Defendant.**

No. C8–95–896.

Court of Appeals of Minnesota.

Oct. 10, 1995.

Review Granted Dec. 20, 1995.

Hubert H. Humphrey, III, Attorney General, Thomas Erik Bailey, Robert A. Stanich, Assistant Attorneys General, St. Paul, John J. Muhar, Itasca County Attorney, Grand Rapids, for plaintiff.

John M. Stuart, State Public Defender, Lawrence Hammerling, Assistant State Public Defender, Minneapolis, for defendant.

Considered and decided by CRIPPEN, P.J., and LANSING and HARTEN, JJ.

## OPINION

LANSING, Judge.

A defendant criminally charged with a second violation of a harassment restraining order moved to dismiss the complaint, asserting that the guardian who obtained the order on behalf of her ward lacked standing. The district court denied the motion and certified the issue to this court as important and doubtful. We affirm the denial of the motion to dismiss and answer the certified question in the affirmative.

## FACTS

In June 1994 Lorraine Kolp obtained a harassment restraining order under Minn. Stat. § 609.748, subd. 2. She obtained the order as guardian and on behalf of her forty-two-year-old daughter, Kathleen Kolp. The guardianship was ordered in 1987, after the county court found Kathleen Kolp lacked sufficient understanding and capacity to take care of her needs and make responsible decisions. The court appointed Lorraine Kolp and Barbara Seipp as guardians of the person and the estate of Kathleen Kolp.

The June 1994 harassment restraining order required Michael Nodes to have no contact with Kathleen Kolp. Nodes appeared without counsel at the hearing on the order. In July 1994 Nodes pleaded guilty to violating the order. In November 1994 he was charged with a second violation of the order, a gross misdemeanor. At the omnibus hearing, Nodes, represented by counsel, moved to dismiss the complaint, arguing that Lorraine Kolp was not authorized to obtain a harassment restraining order on behalf of her ward.

## ISSUE

The district court denied Nodes' motion to dismiss and certified the following question: Can a defendant be prosecuted for the violation of a restraining order that was granted on behalf of an adult ward by her guardian?

## ANALYSIS

We agree that the question of the restraining order's enforceability is important and doubtful. *See* Minn.Stat. § 609.748 (1994); Minn.R.Crim.P. 28.03. The statute providing for harassment restraining orders has statewide application, and the enforceability of an order obtained by a guardian of an adult ward has not previously been decided. *See Foley v. Honeywell, Inc.,* 488 N.W.2d 268, 270 (Minn.1992) (accepting certification of civil question as important because its resolution will have statewide impact); *see Emme v. C.O.M.B., Inc.,* 418 N.W.2d 176, 179–80 (Minn.1988) (defining civil question as doubtful if no controlling precedent exists, or if it is a question of first impression with substantial ground for a difference of opinion).

Nodes and the state have directed their arguments at whether a guardian of an adult ward may obtain a harassment restraining order. But the restraining order was issued in a separate proceeding, and the order entered in that proceeding was not appealed. To reconstruct the certified question without taking into account that the current proceeding is a prosecution enforcing that order would make our answer hypothetical and advisory. *See State v. Wicks,* 258 N.W.2d 598, 600 (Minn.1977) (requiring certified question to have an immediate effect on the prosecution). The state, in its response brief, addresses the more significant part of the certified question: whether a guardian's power to obtain the underlying order may be raised in a subsequent prosecution enforcing that order. The district court, applying *State v. Andrasko,* concluded that the underlying order was enforceable. 454 N.W.2d 648, 650 (Minn.App.1990).

■ A civil order generally is final and enforceable unless an appeal is taken within thirty days after service of the order. Minn. R.Civ.App.P. 104.01; *Schaust v. Town Bd.,* 295 Minn. 571, 573, 204 N.W.2d 646, 648 (1973). But when a court lacks jurisdiction to issue an order, the order may be challenged after the expiration of the appeal period. *See* Minn.R.Civ.P. 60.02(d) (motion

to grant relief from void judgment may be brought within a reasonable time). In determining whether a jurisdictional defect makes an order unenforceable, Minnesota courts have developed a "void" versus "voidable" distinction. *See Lange v. Johnson,* 295 Minn. 320, 323–24, 204 N.W.2d 205, 208 (1973). This distinction, however, is not always useful because it describes a result rather than an analysis of jurisdictional defects.

Jurisdictional defects include lack of adequate notice or personal jurisdiction, lack of territorial jurisdiction, and lack of subject matter jurisdiction. *See, e.g., Lange,* 295 Minn. at 323, 204 N.W.2d at 208 (judgment entered without service of process is unenforceable); *State v. Smith,* 421 N.W.2d 315, 320–21 (Minn.1988) (order unenforceable because no territorial jurisdiction); *State v. Minton,* 276 Minn. 213, 217, 149 N.W.2d 384, 387 (1967) (order by a court lacking subject matter jurisdiction is void).

A number of Minnesota cases support the approach that an order may not be collaterally attacked as unenforceable unless the absence of jurisdiction is clear on the face of the record. *E.g., In re Hudson,* 226 Minn. 532, 536, 33 N.W.2d 848, 852 (1948); *Pangalos v. Halpern,* 247 Minn. 80, 86, 76 N.W.2d 702, 707 (1956) (citing *In re Melgaard's Will,* 200 Minn. 493, 504, 274 N.W. 641, 647 (1937)). This approach favors the finality of a judgment over the validity of a judgment and seeks to achieve orderly processes by allowing parties to rely on the certainty of court orders. *See Kansas City S. Ry. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825–26 (8th Cir.1980) (finding lack of subject matter jurisdiction makes order unenforceable only when there is a "total want of jurisdiction" and the court plainly usurps power) (citation omitted), *cert. denied,* 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980); Restatement (Second) of Judgments § 12 cmt. d (1980) (modern view favors the finality of judgments). Under this analysis the enforceability of a restraining order depends on the nature and patency of the alleged jurisdictional defect.

■ Nodes does not contest the issuing court's personal or territorial jurisdiction.

The defect Nodes alleges is the guardian's lack of standing to seek the restraining order. Standing, as a jurisdictional defect, raises issues of justiciability. *Izaak Walton League of Am. Endowment v. Minnesota Dep't. of Natural Resources*, 312 Minn. 587, 589, 252 N.W.2d 852, 854 (1977) (justiciable controversy must exist for the court to have jurisdiction over a case). Objections to a party's standing are essentially jurisdictional because the existence of a justiciable controversy underlies the court's jurisdiction. *In re Mullins*, 298 N.W.2d 56, 61 n. 7 (Minn. 1980).

■ Nodes contends that Minn.Stat. § 609.748 does not permit a guardian of an adult ward to obtain a harassment restraining order. Subdivision two identifies who may obtain an order:

A person who is a victim of harassment may seek a restraining order from the district court in the manner provided in this section. The parent or guardian of a minor who is a victim of harassment may seek a restraining order from the district court on behalf of the minor.

The statute does not specifically state whether a guardian may obtain a harassment restraining order on behalf of an adult ward. But for two reasons we think that this lack of a specific reference does not prevent a guardian of an adult ward from obtaining one.

■ First, guardians of the person have broad duties and powers to protect the interests of their wards. Minn.Stat. § 525.56 (1994). These duties include the power to have custody over the ward and the duty to provide for the ward's care, comfort, and maintenance. Minn.Stat. § 525.56, subds. 1–2. A legally incompetent adult who is a party to a legal action and is not represented by a guardian will receive a court-appointed guardian ad litem. Minn.R.Civ.P. 17.02. Certain statutes are exempt from this rule, but Minn.Stat. § 609.748 is not exempt. Minn.R.Civ.P. 81.01(a). Even though a suit may be brought by a guardian on behalf of an adult ward, the cause of action belongs to the ward. *Hoverson v. Hoverson*, 216 Minn. 237, 238–39, 12 N.W.2d 497, 499 (1943).

The Rules of Civil Procedure provide no alternate mechanism for incapacitated adults to represent themselves in court. If a guardian cannot obtain a harassment restraining order on behalf of an adult ward, those wards would be effectively deprived of the special protections the legislature created. *See* Minn.Stat. § 626.557, subd. 1 (1994) (recognizing public policy of Minnesota to protect vulnerable adults and to assist persons charged with their care).

Second, we do not think that the express inclusion of parent or guardian of minors in § 609.748 is meant to exclude other guardians. The history of the statute suggests a different reason for specifically listing this category. As originally written the statute instructed parents to obtain harassment restraining orders on behalf of their wards from the juvenile court, not the district court. 1990 Minn.Laws ch. 461, § 5(2). In 1993 the legislature amended the statute by replacing the juvenile court with the district court. 1993 Minn.Laws ch. 326, art. 2 § 15. The amendment only changed the issuing court. We do not read the amendment as creating special standing for parents as guardians of their minor wards.

■ The powers of the guardian of the person and estate of an adult ward would permit the guardian to seek a harassment restraining order on behalf of an adult ward. Because there is no evident lack of standing, we agree with the district court that the underlying order remains effective and enforceable. Nodes' failure to raise a timely objection at the hearing on the order and to appeal the restraining order prevents him from collaterally attacking the order in the prosecution for its violation.

Nodes protests that this holding prevents him from raising important constitutional issues of freedom of association and right to counsel at the time the order was issued. The Supreme Court has recognized that the centrality of a defendant's right to counsel will support a collateral attack in some cases. *State v. Warren*, 419 N.W.2d 795 (Minn. 1988). The court has also limited that right to hearings in which incarceration is a real possibility. *Cox v. Slama*, 355 N.W.2d 401, 403 (Minn.1984). But in addition to failing to raise these issues at the initial order hearing, Nodes, represented by an attorney, also

failed to raise the constitutional issues in this prosecution, and we have no record on which to review them. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (reviewing court must generally consider only those issues presented to and considered by the trial court).

## DECISION

A guardian's purported lack of standing to obtain a harassment restraining order for an adult ward is not a jurisdictional defect that would make the harassment restraining order unenforceable. We affirm the district court's denial of the motion to dismiss and answer the certified question in the affirmative.