**Michael Jackson DAVIS, Appellant,**

**Priscilla Gail Pope, Appellant,**

v.

**Andrew S. DANIELSON, Respondent.**

No. C7–96–1855.

Court of Appeals of Minnesota.

Jan. 28, 1997.

Review Denied March 18, 1997.

Michael J. Davis, St. Paul, Appellant Pro Se.

Priscilla G. Pope, St. Paul, Appellant Pro Se.

Hubert H. Humphrey III, Attorney General, Peter M. Ackerberg, Assistant Attorney General, St. Paul, for Respondent.

Considered and decided by AMUNDSON, P.J., and SCHUMACHER and KLAPHAKE, JJ.

## OPINION

SCHUMACHER, Judge.

Michael Jackson Davis and Priscilla Gail Pope appeal from a judgment dismissing their action to enjoin the enforcement of a restraining order issued against them by respondent Hennepin County District Court Judge Andrew W. Danielson, arguing the district court erred in holding the action was an impermissible collateral attack on Judge Danielson's order. We affirm.

## FACTS

Davis and Pope are pro se plaintiffs in litigation with Group Health Plan, Inc. During that litigation, Davis and Pope directly contacted employees of Group Health to obtain medical records and other documents related to the litigation.

On October 24, 1995, counsel for Group Health moved for a protective order under Minn. R. Civ. P. 26.03, prohibiting Davis and Pope from contacting Group Health's employees, agents, or insurers regarding any issue related to the litigation. On November 1, 1995, after a conference call with Davis and counsel for Group Health, Judge Danielson issued a protective order.

On November 15, 1995, Davis and Pope started a separate action against Judge Danielson to enjoin him from enforcing the protective order. Judge Danielson moved to dismiss the action based on the failure to state a claim.

The district court granted Judge Danielson's motion, concluding that Davis and Pope's separate action was an impermissible collateral attack on Judge Danielson's protective order and that the proper procedure was a direct appeal of Judge Danielson's order. Davis and Pope appeal.

## ISSUE

Did the district court err in concluding appellants may not collaterally attack Judge Danielson's order?

## ANALYSIS

Purely legal issues are reviewed de novo. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ Davis and Pope argue that Judge Danielson's order violates their constitutional rights, exceeds the scope of Minn. R. Civ. P. 26.03, deprives them of their statutory right to their medical records, and is impossible to obey because it is internally contradictory. We disagree.

■ Generally,

an order may not be collaterally attacked as unenforceable unless the absence of jurisdiction is clear on the face of the record.

*State v. Nodes,* 538 N.W.2d 158, 160 (Minn. App.1995), *review granted* (Minn. Dec. 20, 1995), *appeal dismissed* (Minn. Feb. 9, 1996).

Jurisdictional defects include lack of adequate notice or personal jurisdiction, lack of territorial jurisdiction, and lack of subject matter jurisdiction.

*Id.*

■ None of Davis and Pope's arguments address Judge Danielson's jurisdiction to issue the order. Davis and Pope are pro se litigants and are held to the same rules and standards as attorneys. *Heinsch v. Lot 27, Block 1 For's Beach,* 399 N.W.2d 107, 109 (Minn.App.1987). Under Rule 26.03, Judge Danielson may issue a restraining order against a party to the litigation. The order, therefore, does not violate Davis and Pope's constitutional rights. Davis and Pope may still contact anyone at Group Health, as long as it is done through Group Health's attorney.

■ Davis and Pope are also not deprived of their right to obtain their medical records from Group Health. They may be obtained through discovery now that the matter is in litigation. Moreover, the order does not bar Davis and Pope from talking to Group Health's attorney or taking depositions of Group Health employees. Davis and Pope can conduct discovery and negotiate through Group Health's attorney.

Finally, Davis and Pope's action against Judge Danielson is an impermissible collateral attack because the order was directly appealable. Minn. R. Civ.App. P. 103.03(b) allows appeals from orders of injunctions. Judge Danielson's order was an injunction and therefore immediately appealable.

## DECISION

Davis and Pope may not collaterally attack Judge Danielson's order where Judge Danielson had jurisdiction to issue the order and the order is directly appealable.

Affirmed.