*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0610**

Sharon Anne Johnson, petitioner,
Appellant,

vs.

Paul Jonathan Koski,
Respondent.

**Filed December 14, 2015
Affirmed
Minge, Judge\***

Hennepin County District Court
File No. 27-CV-14-12640

Sharon Anne Johnson, Bloomington, Minnesota (pro se appellant)

Christine Cahill Lake, Christine R. Cahill Law Office, Ltd., Prior Lake, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Smith, Judge; and Minge, Judge.

**U N P U B L I S H E D   O P I N I O N**

**MINGE**, Judge

Appellant challenges the district court's order vacating an ex parte harassment restraining order (HRO), arguing that the district court erred by granting respondent's

_____

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

motion for an evidentiary hearing more than 45 days after the order was issued, and by determining that appellant failed to prove harassment. We affirm.

## FACTS

Appellant Sharon Anne Johnson rented a house from respondent Paul Jonathan Koski from 1995 until October 2014. In 2012, Koski attempted to terminate the tenancy and evict Johnson, but this court determined that Koski had improperly served Johnson and reversed the judgment granting a writ of recovery of the premises. *See Koski v. Johnson (Koski I)*, 837 N.W.2d 739, 741 (Minn. App. 2013), *review denied* (Minn. Dec. 17, 2013). Johnson, who had left the property, moved back in December 2013.

In January 2014, Koski informed Johnson he had hired professional property manager Renter's Warehouse to manage the property and stated that "[t]he terms of our original lease agreement are now in effect." In April 2014, Renter's Warehouse served a notice to vacate the premises in 30 days, and, when Johnson refused to do so, Renter's Warehouse initiated an eviction action. The district court dismissed this action in late June because the original lease agreement required 60-days' notice. In July 2014, Renter's Warehouse gave notice to Johnson to vacate within 60 days. Once again, Johnson refused to vacate and Koski brought a third eviction action. The district court granted an eviction judgment and Johnson left the property in October 2014. This court affirmed the eviction judgment. *See Koski v. Johnson (Koski II)*, A14-1836 (Minn. App. July 20, 2015), *review denied* (Minn. Sept. 29, 2015).

On July 23, 2014, before the third eviction action was resolved, Johnson petitioned for and received an ex parte HRO. Koski was not personally served with the HRO until

2

October 1, 2014, 70 days after it was issued. This was outside the 45-day period during which he was permitted to request a hearing on the ex parte order. On January 13, 2015, the district court granted Koski's motion for an evidentiary hearing because of the late service.

After the April 2015 hearing, the district court found that Johnson paid her rent for February, March, April, May, and June 2014 to Renter's Warehouse, as she had been instructed, but Johnson mailed her July rent check to Koski because she had a dispute with Renter's Warehouse about some requested repairs. In July 2014, Renter's Warehouse left Johnson four or five messages asking about the rent. Johnson alleged that Koski or his agent repeatedly made harassing telephone calls so that she became "a nervous wreck" and "couldn't pick up [her] phone." Johnson offered recorded messages from her telephone, which the district court characterized as "three identical, short and polite advisories about the unpaid 'rent or fees' still owing." Koski denied speaking with Johnson in person or by telephone since April 2012, and directed her in a January 2014 e-mail to deal only with Renter's Warehouse.

The district court found that there "was no evidence of assaultive behavior by [Koski], nor of any fear on the part of [Johnson] that Koski has or will assault her." The district court found Koski's testimony "that he has had no contact with [Johnson] since 2012, and neither harassed her directly or through any other person" credible, and that Johnson was not a credible witness. The district court concluded that Johnson "failed to provide sufficient facts to show that [Koski] has engaged in harassment within the meaning of Minn. Stat. § 609.748," and dismissed the HRO. Johnson appeals.

3

## D E C I S I O N

## I.

Johnson argues that the district court erred by permitting Koski to have an evidentiary hearing. Under Minn. Stat. § 609.748, subd. 4 (2014), the district court may issue an ex parte temporary HRO upon a petition signed by a person alleging that the respondent has engaged in harassment. A respondent may request a hearing "within 45 days after the [HRO] is issued." *Id.*, subd. 4(f). "[W]hen no hearing is held because a respondent does not timely request a hearing, an ex parte [temporary HRO] . . . becomes an ex parte HRO . . . and remains in effect for the period set forth [in the temporary order]." *Fiduciary Found., LLC ex rel. Rothfusz v. Brown*, 834 N.W.2d 756, 760 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013).[1] But the process set forth in Minn. R. Civ. P. 60.02 is available generally to seek relief from an otherwise final order or judgment. Minn. R. Civ. P. 60.02; *see also Northland Temps., Inc. v. Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008) (noting that rule 60.02 allows relief from orders and judgment), *review denied* (Minn. Apr. 29, 2008). There is no reason that rule 60.02 would not be available in the HRO setting. *See generally Brown*, 834 N.W.2d at 760-63 (reviewing district court's denial of a motion to vacate and citing rule 60.02 standard of review).

We review the district court's decision on whether to vacate an order or judgment under rule 60.02 for an abuse of discretion. *Turpin*, 744 N.W.2d at 402. "[I]t is the duty

---

[1] Because the district court granted Koski both a rule 60.02 hearing and an evidentiary hearing on the ex parte HRO, we need not address the issues raised in *Brown*.

4

of the [district] court to grant a motion to open a default judgment and permit a party to answer if the party in default shows that it has met each of the requirements in the four-factor [*Hinz*] test." *Id.* (quotation omitted). The *Hinz*[2] factors include (1) a reasonable defense on the merits; (2) a reasonable excuse for the failure or neglect to answer; (3) due diligence after notice of entry of the judgment; and (4) a demonstration that no prejudice will occur to the other party. *Id.*

In his affidavit supporting his rule 60.02 motion, Koski stated that he lived in Wisconsin and not in Minnesota at the address Johnson listed in her petition, he made no harassing phone calls to Johnson, and a property manager handled all communications with Johnson. This is a reasonable defense on the merits. Koski had a reasonable excuse: He was not personally served until October 1, well after the limit of time for requesting a hearing, and the papers he received gave conflicting information about when a request for a hearing must be filed. He filed his motion for a hearing on October 29, demonstrating due diligence. Finally, Johnson was not prejudiced, because the HRO remained in effect. Although the district court did not make explicit *Hinz* findings, the record supports the conclusion that Koski's motion met the *Hinz* factors.

Johnson argues that Koski should have sought relief by appeal to this court, citing *Brown*. But *Brown* states that although the denial of a motion to vacate an ex parte HRO is appealable, the issuance of an ex parte HRO is not. 834 N.W.2d at 760-61.

---

[2] *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952).

Based on the record, the district court did not abuse its discretion by granting Koski's rule 60.02 motion and permitting him to have an evidentiary hearing.

## II.

"An appellate court reviews the district court's grant of [an HRO] under an abuse-of-discretion standard. A district court's findings of fact will not be set aside unless clearly erroneous, and due regard is given to the district court's opportunity to judge the credibility of witnesses." *Kush v. Mathison*, 683 N.W.2d 841, 843-44 (Minn. App. 2004) (citations omitted), *review denied* (Minn. Sept. 29, 2004). We will reverse an HRO if it is not supported by sufficient evidence. *Id.* at 844.

"Harassment" is defined as "a single incident of physical or sexual assault or repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another." Minn. Stat. § 609.748, subd. 1(a)(1) (2014).

The district court found that the alleged harassing incidents were four or five phone calls made by Renter's Warehouse after Johnson sent her rent check to Koski instead of Renter's Warehouse as she was directed. The district court characterized the three voice recordings it heard as "identical, short and polite advisories about the unpaid 'rent or fees' still owing." The district court also found that (1) Koski had not directed Renter's Warehouse to make these calls, and the property manager made them in the course of his duties; (2) the "confusion" was a result of Johnson bypassing Renter's Warehouse; (3) Koski lives in Wisconsin and has not spoken to Johnson outside of court since 2012; and (4) there was no evidence that Koski assaulted Johnson or that she feared

6

that he would. Finally, the district court found that Koski was a credible witness and that Johnson produced no evidence contradicting his testimony; on the other hand, Johnson was "far less credible" and her "presentation was confused and unorganized." The district court commented that Johnson "exhibited fixations upon certain topics, such as the unfairness of her eviction and the untimeliness of this hearing, which defied logic" and "presented no evidence, direct or circumstantial, linking [Koski] to any harassing actions."

"[W]hether certain conduct constitutes harassment may be judged from both an objective standard, when assessing the effect the conduct has on the typical victim, and a subjective standard, to the extent the court may determine the harasser's intent." *Kush*, 683 N.W.2d at 845. On this record, there is no evidence that Koski intended to harass Johnson. The telephone calls were made by Renter's Warehouse in the course of its business and Koski employed the property manager so as to avoid any interaction with Johnson. Johnson's reaction to the telephone calls was not reasonable, particularly when she made no attempt to inform Renter's Warehouse why it had not received her monthly rent check. The district court's determination that there was not sufficient evidence to sustain the HRO was not an abuse of discretion.

**Affirmed.**